### BRANCH *v.* BRANCH.

DIVORCE—CRUELTY—EVIDENCE—SUFFICIENCY.

> On a bill for divorce, evidence examined, and *held*, not to support a decree on the ground that defendant's penuriousness made life with him unbearable.

Appeal from Shiawassee; Smith, J. Submitted January 10, 1906. (Docket No. 51.) Decided May 24, 1906.

Bill by Sarah M. Branch against Dwight C. Branch for divorce. From a decree for complainant, defendant appeals. Reversed, and bill dismissed.

*Watson & Chapman*, for complainant.

*Q. A. Smith* and *O. J. Hood*, for defendant.

MONTGOMERY, J. This is an appeal from a decree of the circuit court for the county of Shiawassee, in chancery, granting a decree of divorce to complainant on the ground of extreme cruelty. Each of the parties had been married before, and each was divorced. The complainant had two children by a former marriage. The defendant had none living at home. At the time of the marriage between these parties complainant was 29 and defendant 47 years of age. The complainant's two children were aged, respectively, 7 and 12 years. Defendant owned a farm of 80 acres in Locke township, Ingham county, subject to a mortgage of $600. The understanding appears to have been that the complainant's children should be provided a home with defendant. One child was born to the parties, Bessie, now about 8 years of age. The complaints made by complainant are that the children were not well provided with clothing and food, that they were ill treated by defendant, that defendant was penurious and selfish, and that he was unreasonable in his demands for sexual indulgence.

It is unquestionably true that the defendant was frugal to a degree, and that the clothing furnished the children and complainant was not of the finest quality; but it appears to have been substantially of the same quality that the neighbors had. It appears that in the nine years the parties lived together the defendant lived economically, dressed modestly, had no expensive habits, and that all the balance of his income from the farm was expended upon the family excepting an amount sufficient to pay off the mortgage and a further sum of $240 in cash, which complainant took away when she left him surreptitiously in June, 1903. We cannot, in view of these facts, say that defendant was so penurious in his family as to make life with him unbearable. As to the disagreements with the children, they were quite as common between complainant and her children as between the children and defendant. The testimony relating to the charge of excessive sexual indulgence has been considered. There may have

been some foundation for this charge at one time, but the complainant by returning to live with defendant after a previous separation condoned any cruelty of this nature. We are not satisfied that any just ground for complaint exists on this score arising since her return.   This case is a most unfortunate one.   We are convinced that the parties can and should live together in comfort and peace; that the best good of their young child demands it.

The decree is reversed, and the bill dismissed.

McALVAY, GRANT, BLAIR, and OSTRANDER, JJ., concurred.