### TUFFELMIRE *v.* TUFFELMIRE.

DIVORCE—EXTREME CRUELTY—EVIDENCE.

Conflicting evidence in a proceeding for divorce reviewed and *held* to sustain defendant's cross-bill and a decree in her favor upon the charge of cruelty.[1]

Appeal from Kent; Brown, J. Submitted January 12, 1916. (Docket No. 113.) Decided June 2, 1916.

Bill by Frank Tuffelmire against Nellie Tuffelmire for a decree of divorce. Defendant filed an answer in the nature of a cross-bill asking for a decree of divorce. From a decree for defendant, complainant appeals. Affirmed.

*C. G. Turner,* for complainant.

*Allan B. Wallower* (*Cogger & Cogger,* of counsel), for defendant.

PERSON, J. Complainant brought this suit for the purpose of obtaining a divorce from defendant and

[1] Authorities on the question as to whether profanity and obscenity are grounds for divorce as cruel and inhuman treatment are gathered in a note in 12 L. R. A. (N. S.) 820. And as to failure of husband to support family as grounds for divorce, as cruelty, see note in 43 L. R. A. (N. S.) 260.

the custody of their four minor children. The defendant filed an answer in the nature of a cross-bill in which she also prays for a divorce and the custody of the children. After hearing the testimony the circuit judge made a decree granting the divorce in accordance with the prayer of the cross-bill. The decree also provides that the defendant shall have the custody of the children until the further order of the court, that she may take such of the furniture belonging to the parties as she may select, and that the complainant shall pay her the sum of $5 per week to be used towards her maintenance and the support of the children. The complainant appeals from this decree, but finds no specific fault with the provision for alimony, if it should be held that the defendant is entitled to the divorce.

The complainant charges that the defendant is a woman of ungovernable temper, who frequently indulges in violent fits of passion, and that she is in the habit of using profane and indecent language to him and about him. He also claims that she has been in the practice of continually accusing him of running with other women, and that she has threatened to shoot him. She denies in her answer the use of profane or indecent language, as well as the threat to shoot complainant, and charges in turn that he is a man of furious and ungovernable temper, and that he curses and swears at her in a violent manner in the presence of the children, and has threatened to strike her. She admits that she has accused him of intimacy with other women, and avers that she has just cause for making the accusation. She also charges that he has neglected to properly clothe and care for either herself or the children. Considerable testimony was given upon each side, with much of detailed circumstance.

The circuit judge, after hearing all of the testimony

in open court, and seeing the witnesses, seems to have been impressed with the belief that the defendant's testimony was the more worthy of credence. We have carefully examined the record, and cannot say that he was wrong in this. Counsel for complainant calls attention to the fact that the allegations in defendant's cross-bill are very general in their nature, and fail to point out specific instances of cruelty. It is true that the cross-bill is somewhat faulty in this respect, but the testimony under it seems to have been taken without any objection upon this ground, and we think it is too late to raise the objection now.

It is further urged by counsel for complainant that defendant's cross-bill does not state that complainant was of sufficient ability to provide a suitable maintenance for her, and that it does not aver that he either grossly, wantonly, or cruelly refused or neglected to provide such maintenance. The principal charges, however, in the cross-bill relate to cruelty, and are evidently sufficient, if true, to sustain the decree. They refer, practically, to the same kind of cruelty charged by the complainant against the defendant. And the circuit judge specifically found that the charges of cruelty made by the defendant are true.

Outside of the foregoing the questions to be determined relate entirely to the facts, and in determining the facts, it is a very great advantage to have seen and heard the witnesses. But, without this, we are of the opinion that the circuit judge was right in his view of the testimony. Certainly, if either party told the truth, it cannot be urged that the welfare of the children requires the continuance of such a home as was being made for them.

No benefit can come from any minute review of the facts, and the decree will be affirmed, with costs.

STONE, C. J., and KUHN, OSTRANDER, BIRD, MOORE, STEERE, and BROOKE, JJ., concurred.