HALICKI v. HALICKI.

1. APPEAL AND ERROR—SUPREME COURT MINDFUL OF ADVANTAGE
   POSSESSED BY TRIAL JUDGE IN SEEING AND HEARING WITNESSES.
   While the Supreme Court hears chancery appeals *de novo*, it is
   mindful of the advantage possessed by the trial judge before
   whom the witnesses appear in person.

2. DIVORCE — EXTREME CRUELTY — NONSUPPORT — EVIDENCE — SUF-
   FICIENCY.
   Wife's bill for divorce on the grounds of extreme cruelty and
   nonsupport, and husband's cross-bill charging wife with ex-
   treme cruelty, *held*, properly dismissed by the court below,
   under the evidence.

Appeal from Wayne; Richter (Theodore J.), J.
Submitted June 5, 1928. (Docket No. 3, Calendar
No. 33,563.) Decided October 1, 1928.

Bill by Veronica Halicki against Walter Halicki
for a divorce. Defendant filed a cross-bill for a
divorce. From a decree dismissing bill and cross-
bill, both parties appeal. Affirmed.

*Stan. C. & Chester Pietrassewski,* for plaintiff.

*Charles E. Duffy,* for defendant.

NORTH, J. This is a suit for divorce in which the
wife filed the original bill, and at the time of the hear-
ing in the circuit court the husband was permitted to
file a cross-bill. The wife sought relief on the ground
of extreme cruelty and nonsupport, and the cross-
bill in turn charged her with extreme cruelty. Fol-
lowing a hearing in the circuit court lasting substan-
tially four days, the trial judge made a finding in

which he reviewed the testimony and announced the conclusion that neither party was entitled to relief. A decree was taken accordingly. Both the plaintiff and defendant have appealed, but at the oral argument in this court the defendant announced a withdrawal of any claim for affirmative relief.

The only question before the court is whether the decree dismissing the plaintiff's bill of complaint is justified by the record in the case. The parties were married in Milwaukee, Wisconsin, February 2, 1902, but have lived in Detroit since 1904. Six children have been born of this union, whose ages at the time of the hearing in the circuit court were respectively 25, 22, 19, 13, 10, and 8 years. These people were practically without means at the time of their marriage, but by reasons of frugality and industry they have accumulated property of value in excess of $100,000. This property seems to have been solely the results of the earnings of the defendant, except that he has been materially assisted by the economical management of household affairs by the plaintiff. In recent years he has been engaged in the real estate and insurance business, in making loans, and selling trans-Atlantic steamship transportation. Instead of being a good fortune to them, their prosperity seems in a large measure to have been the cause of their domestic trouble. This arose from the fact that the plaintiff has been insistent that she should have control of the financial affairs of the family, and on the other hand the defendant has been quite as determined that he should be the sole master thereof. The nonsupport charged by plaintiff consists of a failure on the part of the defendant to provide proper food and clothing for the family, failure to properly educate the children, and failure to provide medical attendance. We have given the record

careful consideration, and while it appears that the home surroundings of these people are not what might be expected of a family of their present means, still when consideration is given to the fact that they were without means at the time of their marriage, and in the meantime a rather extraordinary effort has been made to accumulate something of this world's goods, we think the plaintiff has had little cause for complaint and that the matter is magnified in the record for the purposes of the case. The proof as a whole indicates that as to food, clothing, and shelter, the family has been fairly well provided for considering their station in life. Rather unusual sums of money have been spent by the defendant for medical service rendered to the family, this being caused largely by the fact that the oldest child, a son, has been afflicted for some years with partial paralysis. The plaintiff testified repeatedly that she was satisfied with the home provided by the defendant. Her testimony also shows that since they became more prosperous the husband bought her a fur coat which cost $650; that on a trip to visit her mother in Wisconsin, she was provided with a drawing room. At the time the bill was filed, a bank account containing upwards of $9,000 stood in the joint names of the plaintiff and defendant, although the plaintiff denies she had knowledge concerning this. These and other items of evidence found in the record do not tend to strengthen plaintiff's charge of nonsupport. The proof of defendant's neglect or refusal to provide an education for the children is equally unsatisfactory. At the time of the hearing in the circuit court, the three youngest children were attending the public schools. The next older child had graduated from the high school. The two oldest children attended until the second or

third year of high school; and there is a dispute and uncertainty in the record as to why they did not longer attend. The circuit judge states in his findings:

"The two elder children were educated as far as they would take education, and if they were not as fully educated as might be, it is for some unexplained desire on their part or through physical incapacity."

Under the charge of extreme cruelty, the plaintiff alleges that her husband assaulted her, swore at her and called her insulting names and that he was unkind to the children. We agree with the circuit judge that the fair inference to be drawn from the record is that these parties indulged in what might well be called mutual wranglings and that the contentions which arose were for the most part induced by the controversy as to who should handle the family money. The testimony shows that the defendant, prompted by his ambition to accumulate a competency for himself and his family, worked from 12 to 16 hours per day, and there is little doubt that at times he was irritable and perhaps unreasonable. Except for the uncorroborated testimony of the plaintiff, the record discloses nothing in the way of physical assaults or viciousness towards the plaintiff or the children. There can be found in the record altogether too much evidence of petty meanness, nagging and unfounded accusations; but as between these parties it appears to have been a case of "tit for tat," and to the discredit of both. The plaintiff's testimony is so full of contradictions and evasions that little credence can be given to it. This is the estimate justly placed upon it by the circuit judge.

Both of these parties are at fault and chargeable with the regrettable condition found in their household. We think it may also be said each has exaggerated the other's faults. Neither should profit by the wrong done nor be given relief by a court of equity. *Rice* v. *Rice,* 239 Mich. 686. The findings of the circuit judge show that he gave this case painstaking consideration. While we hear chancery appeals *de novo,* we are mindful of the advantage possessed by the trial judge before whom the witnesses appear in person. In his findings in this case the circuit judge said in part:

"From what I have seen of the parties and from what I have learned of the plaintiff and the defendant as they appeared in court, I cannot give credence to their charges against each other. The plaintiff appears to me to be a person of determined will, not quickly submitting her wishes to the wishes of another where that submission would cause her any humiliation. The defendant appears of like nature. The general contention and charge by the plaintiff that she was denied a bank account and charge account with a merchant is not sustained by the proof, and is met squarely by the uncontradicted proof of the defendant that he supplied the family in proportion to their surroundings and their needs and social position."

We will not quote further from the findings filed. The circuit judge was right in his determination that both parties were at fault and in denying to each the relief sought.

The decree entered in the circuit court is affirmed, but without costs.

FEAD, C. J., and FELLOWS, WIEST, CLARK, MC-DONALD, POTTER, and SHARPE, JJ., concurred.