DORANSO v. DORANSO.

DIVORCE—CRUELTY—NONSUPPORT.

Decree granting wife absolute divorce on grounds of cruelty and nonsupport is affirmed, on appeal, although testimony is conflicting, in view of fact that trial judge had additional advantage of hearing and seeing witnesses.

Appeal from Wayne; Webster (Arthur), J. Submitted June 2, 1931. (Docket No. 22, Calendar No. 35,528.) Decided June 25, 1931.

Bill by Harriet M. Doranso against John M. Doranso for divorce. Cross-bill by defendant for divorce. Decree for plaintiff. Defendant appeals. Affirmed.

*Maxwell W. Benjamin,* for plaintiff.

*James M. Cleary,* for defendant.

BUTZEL, C. J. Plaintiff charged defendant with cruelty and nonsupport in a bill for separate maintenance, and subsequently in an amended bill for absolute divorce. Defendant in his answer denied the charges, and in a cross-bill charges plaintiff with cruelty and intimates infidelity. He also asks for an absolute divorce. The parties have no children. They formerly lived in northern Michigan and came to Detroit where defendant after working in an automobile factory secured a position with the police force. Plaintiff claims that defendant began to treat her with indifference and cruelty, and finally one day she discovered a letter that had dropped from his coat pocket. She also intercepted a postal card. Both had been addressed to defendant and sent through the mails. They indicated that defendant was having improper relations with another woman. Plaintiff claims that defendant first denied knowing the woman, but finally admitted the transfer of his affections from plaintiff to this woman. The parties agreed to separate, and in a separation agreement defendant promised to pay plaintiff $15 a week. After 7 or 8 months, on his representation that he no longer cared for the other woman, the

parties became reconciled. After a week they again separated. Defendant paid plaintiff $60 a month for two years, and then only $5 a week. She finally started the present proceedings.

Defendant denies plaintiff's charges, and accuses her of being addicted to heavy drinking and of having been seen in the company of another man, with whom he suggests there were improper relations. Plaintiff denies this, and claims that she never drank to excess but had visited blind pigs with her husband. Defendant went to live at the home of a brother of the woman with whom he is supposed to have been intimate. Although he boarded there six years, and the other woman also lived there, defendant claims that he does not even know her surname. He further claims that plaintiff had contracted a communicable disease through improper conduct, but that he never suffered from it although he lived with plaintiff for a considerable period thereafter. She denies these charges *in toto*, claims that she was a good and true wife, and that her illness was the result of a miscarriage. She has been supporting herself by working as a housemaid.

The testimony is conflicting. There is some corroborative proof on behalf of each party. After a very careful analysis of the testimony, we are impressed with plaintiff's claims. In coming to our conclusions, we are largely influenced by the fact that the trial judge had the additional advantage of hearing and seeing the witnesses. He decreed an absolute divorce for plaintiff, and awarded her $10 a week for 260 weeks, and allowed $100 fee for her attorney.

The decree is affirmed, with costs.

WIEST, CLARK, McDONALD, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.