ECKENRODE *v.* MOTOR OIL CORPORATION OF AMERICA.

1. EQUITY—NEW TRIAL—COURT RULES.
   Failure of trial court to sign, file or dictate to the stenographer a concise statement of reasons for denying defendants' motion "for a new trial" in equity case *held*, not a violation of Court Rule No. 47 (1933), applicable only to actions at law.

2. APPEAL AND ERROR—QUESTIONS REVIEWABLE—EQUITY.
   Question as to whether or not decree conformed to opinion of the trial court is not considered on appeal where opinion is not in the record and appellants fail to show in what manner there was lack of conformity.

3. MASTER AND SERVANT—RECOVERY OF DEPOSIT—FRAUD—EVIDENCE.
   In suit to recover $1,000 deposited with corporate defendant on promise of salary of $40 per week, a territory in which to sell oil and certain oil containers, evidence of fraud *held*, sufficient to justify decree for plaintiff against owner of oil corporation but insufficient to permit recovery against nominal president and director.

4. APPEAL AND ERROR—CHANCERY APPEALS HEARD DE NOVO.
   While the Supreme Court hears chancery appeals *de novo*, it is mindful of the advantage possessed by the trial judge before whom the witnesses appear in person.

Appeal from Wayne; Miller (Guy A.), J. Submitted January 28, 1936. (Docket No. 123, Calendar No. 37,992.) Decided April 7, 1936.

Bill by Lyle D. Eckenrode and others against Motor Oil Corporation of America, a Michigan corporation, Joseph E. Hofweber, George Nadell, Andrew Young, G. C. Watts and Samuel Sternberg, for the appointment of a receiver and a money decree. From decree for plaintiffs against defendants Hof-

weber and Nadell, they appeal. Reversed as to defendant Hofweber and affirmed as to defendant Nadell.

*Hatfield & Hall,* for plaintiffs.

*Maurice D. Smilay,* for defendants Hofweber and Nadell.

Butzel, J. Lyle D. Eckenrode and others filed a bill of complaint for the appointment of a receiver for the defendant Motor Oil Corporation of America and also a money decree and other relief against the corporation and certain individual defendants on the ground of fraud, misrepresentation and misappropriation. Many questions arise on reading the record but we limit our discussion exclusively to those presented on appeal. In the decree of the lower court, it was ordered that defendant Joseph E. Hofweber, president and director of defendant corporation, and defendant George Nadell, the actual owner of all of the stock of defendant corporation, because of the fraud, misrepresentation and misappropriation charged in the bill of complaint, should "jointly and severally, pay to Lyle D. Eckenrode, one of the above named plaintiffs, the sum of $1,000, with interest." Both Nadell and Hofweber appeal from that portion of the decree that holds them liable to Eckenrode.

The articles of association of defendant corporation show capital stock of 1,500 shares of no par stock at $1 per share, paid in property consisting of 2,500 gallons of motor oil at 30 cents a gallon or $750, and 25 oil containers at $40 or $1,000. The articles further show that defendant Hofweber had subscribed for 200 shares and appears as president

and director; Andrew Young, 200 shares, and appears as treasurer and director; and Samuel Sternberg, 1,100 shares, and is named as vice-president, secretary and director. Nadell, however, admitted that none of the stock belonged to any of the three, but that the stock was only placed in their names and held in trust for Nadell, except that the 200 shares in Young's name were intended to go to Young upon his performance of certain services.

Defendant corporation and at least some of the defendants named in the bill devised a scheme by which an advertisement was printed offering employment to parties who put up cash security. They thus induced Eckenrode to deposit $1,000 in cash on the promise of a salary of $40 per week, a territory in which to sell oil and certain oil containers as security for the deposit. Eckenrode parted with the $1,000, but he never obtained the position and, although he did procure certain "certificates of ownership," never acquired the containers. Shortly after the bill of complaint was filed, but almost three years before the entry of final decree, Eckenrode was appointed receiver of defendant corporation and found but few assets of any value. There is no claim that Eckenrode received anything from the receivership in payment of his alleged claim. Eckenrode testified further that before he deposited the $1,000 he was taken to a refining plant on Beaufait avenue in Detroit and that both Nadell and one Watts told him that this was part of the Motor Oil Corporation; that he was further told that he was purchasing an established trade route. It is clear from the record that these statements, if made, were untrue and fraudulent. Nadell in his testimony denies ever making these statements, although he admits that he might have taken Eckenrode to the

Beaufait avenue refining plant for the purpose of showing exactly the process used for refining oil.

Appellants claim that Court Rule No. 47 (1933) was violated when the lower court did not sign,. file or dictate to the stenographer a concise statement of the reasons for denying defendants' motion "for a new trial." This is a chancery case and Court Rule No. 47 (1933) applies to actions at law. No claim is made that Court Rule No. 48 (1933), which is the appropriate rule, was violated.

Appellants further complain of the court's refusal to grant "a new trial." They evidently refer to the denial of their motion to set aside the decree and grant a rehearing. The first reason given in their motion is that the decree does not conform with the opinion of the trial court, but appellants fail to show in what manner. As the opinion of the court is not even in the record, we decline further discussion on this point. The other reason given in their motion, which also appears as a claim of error, is the allegation that the decree was against the great weight of the testimony. The decree held Nadell and Hofweber liable for $1,000 and interest. There is sufficient testimony showing that Nadell was guilty of fraud, if not misapplication of funds, notwithstanding his denial of the charges. Although we hear chancery appeals *de novo,* we are mindful of the advantage possessed by the trial judge before whom the witnesses appear in person. *Halicki* v. *Halicki,* 244 Mich. 341; *Moyer* v. *Hafner,* 272 Mich. 52. The record does not show what became of the claim against defendants Watts and Young. In their brief appellees claim that the case was dismissed as to these defendants because process could not be served on them.

There is merit in the claim that the decision that Hofweber was liable for fraud, misrepresentation and misapplication of funds was against the great weight of the evidence. In this regard, it seems anomalous that liability should have been decreed against Hofweber while Sternberg was exculpated. Sternberg had appeared as attorney for himself and Nadell in the lower court. While admitting that he drew the articles of association, and permitted his name to be used as an officer and director, he nevertheless claimed that he was "victimized" if there is any merit to plaintiffs' allegations. The bill of complaint makes only general charges as to the defendants Hofweber and Sternberg and their names, though appearing in the caption, do not appear in the body of the bill although there are specific allegations made against the other defendants, each mentioned by name. There is a general charge that all of the defendants inserted an advertisement in a Detroit paper by which one of the plaintiffs was induced to transfer his real estate to the corporation, but no proof that Hofweber or Sternberg were responsible. There is no showing that the capital stock was not paid in as described in the articles of association or that Hofweber was active in the affairs of the corporation at the time that Eckenrode put up the $1,000. Eckenrode testified that he did not know Hofweber until three or four weeks after he made the deposit and no proof was adduced to show that Hofweber had made any misrepresentations to Eckenrode. The stock did not belong to Hofweber. There is no proof that Hofweber misapplied any of the funds of the corporation. There is no direct proof of neglect, misfeasance, malfeasance, or nonfeasance on the part of Hofweber.

Sternberg approved the form of the decree in which he was released but Hofweber held, by writing his O. K. upon it. The testimony indicates that Sternberg made strenuous efforts to have the case dismissed against himself at the hearing. Both Nadell and Hofweber claim that their interests were not properly protected in the decree and that Sternberg was more keen to get out from under than to protect the. defendants. The record proves no more guilt in Hofweber than in Sternberg.

The decree should be reversed as to Hofweber with costs. The decree is affirmed as to Nadell, with costs to plaintiffs.

NORTH, C. J., and FEAD, WIEST, BUSHNELL, EDWARD M. SHARPE, POTTER, and TOY, JJ., concurred.