CHASE v. CHASE.

1. Divorce—Desertion—Duration.
    Desertion of a spouse must exist for a period of 2 years in order to be a basis for divorce in this State (CL 1948, § 552.6).

2. Same—Extreme Cruelty—False and Malicious Accusation of Nonsupport.
    Accusations of nonsupport by husband must have been false and maliciously made by wife in order to constitute a basis for divorce on the ground of extreme cruelty.

3. Same—Extreme Cruelty—False and Malicious Accusation of Nonsupport—Evidence.
    Husband failed to prove extreme cruelty on part of his wife on account of her accusations of nonsupport, where there was no evidence that her accusations were either false or malicious, it appearing that after she left the house in which they had been living he did not offer to contribute anything to her support until she had him arrested.

4. Same—Interchange of Vile and Indecent Language.
    Interchange of vile and indecent language held, not sufficient to constitute grounds for divorce under record presented, where plaintiff husband conceded it insufficient of itself.

---

References for Points in Headnotes
[1] 17 Am Jur, Divorce and Separation § 94.
[1] Separation due to husband's refusal or inability to support wife as desertion by him. 150 ALR 991.
Separation due to husband's refusal or inability to furnish support as constituting desertion by wife. 150 ALR 996.
[2, 3] 17 Am Jur, Divorce and Separation § 63.
[4, 5] 17 Am Jur, Divorce and Separation § 59.

5. SAME—EXTREME CRUELTY—EVIDENCE.

Extreme cruelty justifying a legal separation must be very serious, entirely subverting the family relations by rendering the association intolerable and is not established by evidence merely of unruly tempers or mutual wranglings which cause the parties to live together unhappily, it being necessary for them to submit to the ordinary consequences of human infirmities and of unwise selections.

6. HUSBAND AND WIFE—SEPARATE MAINTENANCE—BURDEN OF PROOF.

A wife seeking a decree for separate maintenance must prove such a state of facts as would entitle her to a decree of divorce (CL 1948, § 552.301).

7. SAME—SEPARATE MAINTENANCE—EXTREME CRUELTY—PLEADING—EVIDENCE.

Wife's allegation in bill for separate maintenance that her husband had kept her and their 2 children prisoners in their house for 3 days prior to her departure *held*, unsupported by testimony in record presented.

8. SAME—SEPARATE MAINTENANCE—NONSUPPORT—EVIDENCE.

Husband's failure to support wife for 3 weeks after the separation *held*, not to constitute nonsupport, under record presented, entitling wife to decree for separate maintenance.

9. SAME—SEPARATE MAINTENANCE—EXTREME CRUELTY—EVIDENCE.

Wife's claims that husband threatened her with bodily harm, used vile and indecent language, that he spent considerable amounts of money in beer taverns, refused to provide entertainment or recreation for her, and refused to supply the ordinary necessaries of life *held*, not substantiated in record in support of her cross bill for separate maintenance.

10. SAME—SEPARATE MAINTENANCE—EXTREME CRUELTY—FAILURE TO PROVIDE RUNNING WATER AND PLUMBING FACILITIES.

Husband's failure to provide running water or adequate plumbing facilities *held*, not to have constituted extreme cruelty entitling wife to decree of separate maintenance, under record presented.

11. SAME—SEPARATE MAINTENANCE—MULTIPLE SCLEROSIS—MEDICAL CARE.

Finding of trial court that husband had failed to provide available medical care to wife afflicted with multiple sclerosis is not disturbed on appeal from decree for separate maintenance under

evidence that although there is no cure for such affliction, palliative treatment was helpful and should be provided.

12. SAME—SEPARATE MAINTENANCE—DE NOVO REVIEW—CREDIBILITY OF WITNESSES.

The Supreme Court, in hearing an appeal from a decree of separate maintenance, does not reverse where the advantage of the trial court in seeing the parties and their witnesses during the progress of the trial is an important element to be taken into consideration.

13. SAME—SEPARATE MAINTENANCE—MODIFICATION OF DECREE.

Decree of separate maintenance whereby 36-year-old husband was stripped of use of all property except an automobile and $10 a week of wages he is now earning as a farm laborer *held,* unfair and inequitable and is modified to release him from requirement that he keep a fund of nearly $1,400 on hand with which to meet any additional support of the wife and minor children and expenses of such medical care as might be recommended to her by physicians in the treatment of her mutliple sclerosis, but otherwise affirmed, including provision that he pay $250 for a physical examination of her and $75 attorney fee to her attorney.

Appeal from Kent; Brown (William B.), J. Submitted January 11, 1952. (Docket No. 43, Calendar No. 45,267.) Decided March 6, 1952.

Bill by Robert E. Chase against Helen I. Chase for divorce on grounds of extreme and repeated cruelty. Cross bill by defendant against plaintiff for separate maintenance on ground of nonsupport. Decree for defendant. Plaintiff appeals. Modified decree entered.

*Linsey, Shivel, Phelps & Vander Wal,* for plaintiff.

*Dilley & Dilley,* for defendant.

BUSHNELL, J. Plaintiff Robert E. Chase, who filed this bill for divorce, is 36 years old, and defendant Helen I. Chase, who filed a cross bill for separate

maintenance, is 33 years old. The parties were married on June 1, 1940. Their 2 children were born in 1941 and 1942.

Following the birth of the second child, Mrs. Chase developed what was later diagnosed as multiple sclerosis. For the past 5 years she has been unable to walk without assistance.

Chase lives and works on his father's 50-acre farm near Kent City. He is paid $30 per week and his home, fruit and vegetables are provided by his father. The house occupied by the parties has 3 rooms, an electric stove and refrigerator, but no bathroom or plumbing facilities. Water must be carried from the barn 100 feet away.

On August 29, 1950, Mrs. Chase left the home and took the 2 children with her. She is now living with her mother. A few weeks later, Chase, upon complaint of his wife, was arrested for nonsupport. The charge was dismissed, after Chase filed his bill for divorce.

A decree was entered dismissing plaintiff's bill of complaint for divorce and granting defendant's cross bill of complaint for separate maintenance. Defendant was granted the care, custody, control and education of the minor children, and Chase was given the right to see and visit them at all reasonable times. He was ordered to pay the sum of $20 per week for their support and the wife was given the possession and use of the household furniture and furnishings. Chase was ordered to pay forthwith $250 for the use and benefit of his wife, to enable her to have a thorough physical examination at the Mayo Clinic, University of Michigan Hospital, or some other institution.

Chase had in his possession at the time of trial $1,714.60. The testimony indicates that much of this money came from his father, who distributed

amounts to his son and other children from time to time. The court ordered Chase to retain in his possession the entire amount less the $250 just mentioned and $75 which was to be paid to defendant's attorney. The decree states that the money retained "shall be available in such manner as the court may hereafter direct, to meet any additional support of defendant and the minor children of the parties hereto and the expense of such medical or surgical treatment and care as may be recommended to defendant by examining physicians and surgeons." The only property awarded to Chase was his own Chevrolet automobile.

Plaintiff's ground for divorce is that his wife is guilty of extreme and repeated cruelty. He asserts that she left the home without any provocation. If this is to be considered as a claim of desertion, it has not existed for the statutory period of 2 years. CL 1948, § 552.6 (Stat Ann § 25.86).

He also charges that the defendant falsely and maliciously accused him of failing to support her and wrongfully caused his arrest. Chase admitted that after his wife left the home he did not offer to contribute anything to her support until he was arrested. In order to constitute extreme cruelty it must appear that such accusations were not only false, but malicious. *Beckmann* v. *Beckmann*, 209 Mich 628. We find no evidence of falsehood or maliciousness.

There is some testimony in the record of the interchange of vile and indecent language, but plaintiff concedes in his brief that this of itself is insufficient to constitute grounds for divorce.

Plaintiff's principal contention is that he was constantly nagged by his wife to persuade his father to turn the farm over to him. There is some corroboration of this claim, but all of it is denied by defendant.

Defendant's mother testified that she was unaware of any difficulty between the parties until the trial of the cause. The trial judge expressed no opinion on this subject.

" 'The law does not permit courts to sever the marriage bond, and to break up households, merely because parties, from unruly tempers or mutual wranglings, live unhappily together. It requires them to submit to the ordinary consequences of human infirmities, and of unwise selections, and the misconduct which will form a good ground for a legal separation must be very serious, and such as amounts to extreme cruelty, entirely subverting the family relations by rendering the association intolerable.' " *Brewer* v. *Brewer,* 295 Mich 370.

See, also, *Kolberg* v. *Kolberg,* 312 Mich 42. Plaintiff did not sustain the burden of proving extreme cruelty. He is not entitled to a decree of divorce.

By cross bill defendant seeks a decree for separate maintenance under CL 1948, § 552.301 (Stat Ann § 25.211). This statute requires that she must prove such a state of facts as would entitle her to a decree for divorce.

Defendant's allegation that plaintiff kept her and the children prisoners in the house for 3 days prior to her departure is unsupported by the testimony.

Although plaintiff failed to contribute to his wife's support for 3 weeks following the separation, this does not constitute nonsupport.

Defendant's testimony regarding threats of bodily harm and the use of vile and indecent language is not substantiated, and there were no findings in this respect; nor can we find any proof in support of the claim that plaintiff spent considerable amounts of money in beer taverns, made no effort to provide entertainment or recreation for his wife, or refused to supply the ordinary necessaries.

Defendant complains that there is no running water or adequate plumbing facilities in the tenant house furnished. The testimony shows that very few tenant houses in the neighborhood have inside plumbing, and defendant is content to live with her mother where such facilities are not available. Plaintiff's father testified that he was arranging for these improvements. Under the circumstances of this case, plaintiff's failure to provide these facilities is not extreme cruelty.

It is charged that plaintiff refused to provide proper medical attention for his wife. We are mindful of the statement of a medical witness that, as yet, there is no cure for multiple sclerosis, but that palliative treatment is helpful and should be provided. There is some testimony to sustain this charge and the finding of the trial court that Chase did not furnish such available medical care.

"The trial court had the advantage of seeing the parties and their witnesses during the progress of the trial, with opportunity to hear their testimony as it developed and note their manner of testifying. Although this Court hears the case *de novo* on the printed record, that advantage is an element which may be taken into consideration. While the able counsel on each side made convincing presentation of their positions with the testimony of their respective clients taken as a *major premise* of their syllogisms, on this record considered in its entirety we are not disposed to disturb the conclusions reached by the trial court in awarding a divorce to defendant." *Weinhart* v. *Weinhart,* 229 Mich 434. See, also, *Doranso* v. *Doranso,* 255 Mich 186.

At the hearing Chase indicated a willingness to turn all his money over to his wife. This offer, however, was probably made under the strain of the hearing and because of his desire to obtain a decree of divorce.

The testimony shows that Chase is an industrious, frugal man. The decree takes everything from him except his car and $10 a week of the wages he now earns as a farm laborer. This is manifestly unfair and inequitable.

The decree dismissing plaintiff's bill of complaint is affirmed. The decree for separate maintenance is also affirmed, but it is modified to delete therefrom that portion which requires plaintiff to retain the money in his hands for the purpose of providing support and medical care for his wife. The order for payment of $250 for a physical examination of Mrs. Chase and for the payment of $75 to her attorney is affirmed. A modified decree may be entered here in conformity with this opinion. Costs to defendant and cross-plaintiff Helen I. Chase.

NORTH, C. J., and DETHMERS, BUTZEL, CARR, SHARPE, BOYLES, and REID, JJ., concurred.