## SCHMIEGE *v.* SCHMIEGE.

1. DIVORCE—EXTREME CRUELTY—EVIDENCE.
    Trial court's finding in divorce case that plaintiff wife and her corroborating witnesses had established extreme cruelty on part of defendant husband toward her and their children because of his calling of vile names and his filthy habits, use of threats and abusive language coupled with ungovernable temper is not disturbed, where Supreme Court is unable to say that, had it been in the position of the trial court, it would have found otherwise.

2. SAME—CUSTODY OF CHILDREN—FITNESS OF MOTHER—EVIDENCE.
    Award of custody of the 2 children of the parties to suit for divorce to the mother is left undisturbed, where testimony as to her fitness is contradicted by husband and Supreme Court is unable to say it would have found differently had it been in the position of the trial court.

---

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 3 Am Jur, Appeal and Error § 896 *et seq.;* 17 Am Jur, Divorce and Separation §§ 59, 62.
[2] 17 Am Jur, Divorce and Separation § 683.
[3] 17 Am Jur, Divorce and Separation § 699..
[4] 3 Am Jur, Appeal and Error §§ 246, 820.
[5] As to contempt proceedings to enforce decree or order in divorce or separation suit for support of children, see 17 Am Jur, Divorce and Separation §§ 666, 704, 704.5; 172 ALR 869.

3. SAME—SUPPORT OF CHILDREN—PROPERTY SETTLEMENT—COSTS—
ATTORNEY FEES.

Award of $7 per week each for care and support of the 2 chil-
dren of the parties until they respectively attain age of 17
years, property settlement of $2,500, payable in instalments,
costs and attorney fees *held*, justified in suit for divorce on
ground of extreme cruelty.

4. APPEAL AND ERROR—QUESTIONS REVIEWABLE—CONTEMPT—TECH-
NICAL OBJECTIONS.

Technical objections to sufficiency of proceedings on which con-
tempt order was based, not raised in trial court, are not con-
sidered on appeal.

5. DIVORCE—CONTEMPT—CUSTODY OF CHILDREN.

Trial court's finding that defendant's failure to return boy to
custody of mother, after enjoying the privilege of visitation,
amounted to a wilful and intentional violation of the court's
order, and was, therefore, contemptuous, *held*, not in error.

Appeal from Hillsdale; Arch (Charles O.), J. Sub-
mitted October 15, 1953. (Docket No. 45, Calendar
No. 45,332.) Decided March 10, 1953.

Bill by Marie Schmiege against John Schmiege for
divorce for extreme and repeated cruelty. Decree
for plaintiff. Defendant appeals. Affirmed. De-
fendant also appeals from subsequent order adjudg-
ing him guilty of contempt of court. Affirmed.

*Kenneth G. Prettie,* for plaintiff.

*Walter M. Nelson,* for defendant.

DETHMERS, C. J. Defendant husband appeals from
a decree of divorce granted to plaintiff wife on the
ground of extreme cruelty. Plaintiff testified, and
was to some extent corroborated therein by the testi-
mony of others, that defendant frequently indulged
temper tantrums directed toward her and their chil-
dren without due provocation, used profane and abu-
sive language toward them, often threatened them

and on occasion subjected them to physical violence,
creating a condition of fear in the home, and in other
respects exhibited disregard for the rights and hap-
piness of plaintiff and the children. Defendant de-
nied all this, testified that plaintiff was guilty of like
and equally serious misconduct, and argues the facts
extensively in an attempt to demonstrate that plain-
tiff's testimony and that of her witnesses is un-
worthy of belief. Defendant also points to an ap-
parent failure on the part of the trial court to indi-
cate clearly in its opinion which of plaintiff's claims
it found to be true and which untrue. From this de-
fendant develops the position that the claims of
plaintiff mentioned in the court's opinion are insuf-
ficient to constitute grounds for divorce and that
plaintiff's other claims not mentioned in the opinion
must, for that reason, be disregarded as not having
been found to be true by the court. Defendant cites
cases for the proposition that extreme cruelty is
not established by proof of temper flare-ups (*Ham-
mond* v. *Hammond,* 234 Mich 444; *Halicki* v. *Halicki,*
244 Mich 341) or of use of vile and indecent language
(*Chase* v. *Chase,* 332 Mich 439; *LeBlanc* v. *LeBlanc,*
228 Mich 74; *Rowling* v. *Rowling,* 234 Mich 657) or
failure to provide desired comforts of life (*Chase*
v. *Chase, supra; Branch* v. *Branch,* 144 Mich 167).
Plaintiff, on the other hand, contends that extreme
cruelty and grounds for divorce have been held by
this Court to have been established by a showing of
generally mean, intolerant conduct (*Cooper* v. *Coo-
per,* 78 Mich 316), calling of vile names and filthy
habits (*Bailey* v. *Bailey,* 121 Mich 236), use of
threats and abusive language (*McCue* v. *McCue,* 191
Mich 1) or use of profane language and threats,
coupled with ungovernable temper (*Tuffelmire* v.
*Tuffelmire,* 192 Mich 147). Plaintiff urges, on the
facts, that the entire record, taken as a whole, sup-

ports her version of the facts and her charges of extreme cruelty.

Plaintiff's above-mentioned charges of misconduct, if true, warrant granting her a divorce on the ground of extreme cruelty. They are contradicted by defendant. The problem for the trial court resolved itself into a determination of the credibility of witnesses and the truth of conflicting testimony and claims. If the court's opinion leaves something to be desired in respect to a finding of facts, nevertheless we conclude that it found to be true testimony of plaintiff and witnesses on her behalf which tended to establish extreme cruelty and that it, for that reason, awarded plaintiff a decree. We cannot say that, had we been in the position of the trial court, we would have found otherwise. Accordingly, we do not disturb the awarding of a decree of divorce to plaintiff.

Touching on the fitness of the parties to be awarded custody of the children, there is much conflicting testimony. A good deal of what defendant has to say against plaintiff in that regard relates to conduct of her relatives, some of it occurring in the home of the parties, which took place long before the hearing. There is testimony of witnesses who appear to be impartial tending to show that plaintiff has been a good mother, well fitted to have the care and custody of the children. Inasmuch as this is at variance with defendant's testimony, the trial court was again confronted with the necessity of determining the truth of testimony and, as before, we cannot say that, had we been in the position of the trial judge, we would have found differently. Award of custody of the children to plaintiff is left undisturbed.

Proofs concerning the property and income of the parties justify the court's award of $14 per week for the care and support of 2 children until the older attains the age of 17 years and thereafter $7 per

week until the younger attains that age and a property settlement under which defendant is required to pay plaintiff $2,500 in specified instalments, together with costs and attorney fees.

Finally, we come to consideration of defendant's appeal from an order, entered while appeal from the decree was pending here, requiring defendant to return the children to plaintiff and an order finding him guilty of contempt for failure to return them to plaintiff, in accord with an order for temporary alimony, and sentencing him on account thereof to serve 10 days in the county jail. Technical objections to the sufficiency of the proceedings on which the contempt order was based were not raised in the court below and will not be considered here. We have no doubt that, despite its vagueness in that respect, it was the clearly-understood meaning of the order for temporary alimony that custody of the children during pendency of suit was to be with plaintiff and that the parties so accepted it. On 2 previous occasions defendant was before the court for a like violation thereof and can scarcely be said to have been in doubt concerning its requirements. We are not impressed by defendant's arguments to the effect that he could not have complied with the order's requirement that he return the minor son to plaintiff, after enjoying the privilege of visitation, except by the exertion of force and violence upon the boy, and that, accordingly, he was not guilty of contempt for mere failure to employ such violence. Examination of the supplemental record satisfies us that the trial court was not in error in finding defendant's failure to return the boy to plaintiff amounted to a willful and intentional violation of the order of the court and that it was, therefore, contemptuous.

The decree of divorce and the order and sentence appealed from are affirmed, with costs to plaintiff.

ADAMS, BUTZEL, CARR, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.