BUTGEREIT *v.* BUTGEREIT.

1. DIVORCE—EXTREME CRUELTY.
   A divorce may be decreed for the cause of extreme cruelty, whether practiced by using personal violence, or by other means (CL 1948, § 552.7).

2. SAME—APPEAL—FINDINGS OF TRIAL COURT.
   Special consideration is given to the trial court's findings, so largely based upon the credibility of witnesses, in reviewing a divorce case, although the review is *de novo*.

3. SAME—EVIDENCE—FINDINGS OF TRIAL COURT.
   Findings of a trial court on disputed facts of alleged cruelty will not be disturbed on appeal unless the appellate court feels that it reasonably would have come to a contrary conclusion had it heard the cause.

4. SAME—FINDINGS OF TRIAL COURT—EXTREME CRUELTY.
   Trial judge's finding of extreme cruelty will not be disturbed where the testimony as to whether one or both were at fault is in conflict, since the trial judge is in a better position than the appellate court to determine whether the defendant committed acts of extreme cruelty.

5. SAME—ALIMONY—DISCRETION OF COURT.
   The amount of alimony, though resting in the discretion of the trial judge, depends upon the situation of the parties, the necessities and property of the wife, and the conduct, circumstances and abilities of the husband.

6. SAME—ALIMONY.
   Award of alimony of $20 per week *held*, not an abuse of discretion, where the parties had been married 33 years, the wife

REFERENCES FOR POINTS IN HEADNOTES

[1] 24 Am Jur 2d, Divorce and Separation § 32 *et seq.*
[2] 5 Am Jur 2d, Appeal and Error §§ 703, 868.
[3, 4] 5 Am Jur 2d, Appeal and Error § 868.
[5, 6] 24 Am Jur 2d, Divorce and Separation § 626 *et seq.*

worked throughout the marriage, was in poor health at the time of divorce, and had monthly expenses of $335, and the husband earned $100 per week plus bonuses.

Appeal from Berrien; Hadsell (Philip A.), J. Submitted Division 3 November 10, 1966, at Grand Rapids. (Docket No. 1,744.) Decided November 27, 1967.

Complaint by Helen L. Butgereit against Gustav H. Butgereit for divorce. Judgment for plaintiff. Defendant appeals. Affirmed.

*Insley & Bublick,* for plaintiff.

*Small & Shaffer,* for defendant.

NEWBLATT, J. This is an appeal from a judgment of divorce granted on January 10, 1966 after a trial at which only the parties and an adult daughter of the parties testified. Plaintiff had filed her complaint seeking divorce and defendant counterclaimed. Both the complaint and the counterclaim were based upon extreme cruelty under the statute. CL 1948, § 552.7 (Stat Ann 1957 Rev § 25.87).

Defendant contends first that there exists no proof of cruelty to support the trial court's granting of the judgment of divorce. An examination of the record indicates that there was testimony indicating that the defendant had physically assaulted the plaintiff "at times", two specific instances in 1944 and 1945 were mentioned; that defendant became angry when the heat in the home was raised by the plaintiff because of her arthritis; that he had shoved her against the wall and asked her "is there another man?"; that defendant mocked the plaintiff by waving his hands which mocking was demonstrated on the record (but the record is silent of any description

of the manner of the mocking); and that defendant would spit at the plaintiff, sputum landing on the rug; further that defendant left the plaintiff's bed in 1949 and that the plaintiff never refused marital relations with the defendant.

While it is true that many of the references from the bare record are vague as to dates and while many of the allegations were denied by the defendant, it is also true that if such testimony were believed it would furnish grounds for a divorce. *Brookhouse* v. *Brookhouse* (1938), 286 Mich 151. That credibility is a matter for the trial judge is well settled. *Weronka* v. *Weronka* (1938), 283 Mich 493. Although a divorce case is reviewed *de novo,* special consideration is given to the trial court's findings so largely based upon the credibility of witnesses. *Westgate* v. *Westgate* (1939), 291 Mich 18; *Ziontz* v. *Ziontz* (1949), 324 Mich 155; *Karreman* v. *Karreman* (1900), 122 Mich 654; *Whittaker* v. *Whittaker* (1955), 343 Mich 267. Findings of a trial court on disputed facts of alleged cruelty will not be disturbed on appeal unless the appellate court feels that it reasonably would have come to a contrary conclusion had it heard the cause. *Schmiege* v. *Schmiege* (1953), 336 Mich 107. Thus the trial judge's finding in this regard will not be disturbed where the testimony as to whether one or both were at fault is in conflict since the trial judge is in a better position than the appellate court to know and to determine whether the defendant committed acts of extreme cruelty. *Maynard* v. *Maynard* (1950), 329 Mich 247.

The fact that two of the specific instances were stated as having taken place in 1944 and 1945 would not vitiate their importance if such conduct continued and would further not reduce the importance of the balance of the testimony as to more current conduct.

Defendant next contends that there was cruelty shown on the part of the plaintiff justifying granting the divorce to the husband and that not so granting was error. This is not asserted by the defendant to bar the plaintiff's divorce. The trial court, by its findings and conclusions found that such testimony was not credible and the finding is not disturbed here.

Finally it is claimed that the court erred in granting to the plaintiff alimony of $20 per week. The record indicates that the parties had been married 33 years, that the wife had worked throughout the marriage and was at the time of the divorce making $54 a week working at a bakery for 50 hours per week; that she had ulcers and a very bad hip due to arthritis; and that in June, 1964, she had gall bladder surgery and that she had monthly expenses of $335. The record also established that the defendant earned $100 per week plus Christmas bonus and bonds. The trial court ordered alimony for the wife in the amount stated until her death or remarriage. Defendant admits such an award of alimony is discretionary with the trial judge, but claims that such an award was an abuse of the trial judge's discretion. In viewing all of the testimony it cannot be said that the trial judge abused his discretion. The amount to be awarded as permanent alimony rests largely in the trial court's discretion and only where there is a manifest abuse of that discretion will the trial court's award be interfered with on appeal.

The question of the alimony and the amount thereof must be determined in each case on its own facts. The amount of the alimony, though resting in the discretion of the trial judge, depends upon the situation of the parties, the necessities and property of the wife, and the conduct, circumstances, and abilities of the husband. *DeMay* v. *DeMay* (1949) 326

Mich 72; *Cooley* v. *Cooley* (1948), 320 Mich 209; *Trombley* v. *Trombley* (1945), 313 Mich 80; *Lukshaitis* v. *Lukshaitis* (1946), 314 Mich 426; *Johnson* v. *Johnson* (1956), 346 Mich 418.

The judgment is affirmed.

McGregor, P. J., and Burns, J., concurred.