LACHMAN *v.* LACHMAN.

1. DIVORCE—APPEAL—FINDINGS OF TRIAL COURT.

Special consideration is given to the findings of the trial court even though review of a divorce action is *de novo,* because the trial court had the opportunity to meet the witnesses and observe their demeanor.

2. SAME—EXTREME CRUELTY—EVIDENCE.

Judgment of divorce granted to defendant wife on her counter-claim charging acts of extreme and repeated cruelty by plaintiff husband after complaint was withdrawn is affirmed, where there was testimony by each of the parties that would support a finding that husband was guilty of extreme and repeated cruelty and Court of Appeals is not persuaded on the record that trial court erred.

Appeal from Washtenaw, Breakey (James R., Jr.), J. Submitted Division 2 March 1, 1968, at Lansing. (Docket No. 1,295.) Decided May 27, 1968. Rehearing denied July 8, 1968. Leave to appeal denied September 10, 1968. See 381 Mich 774.

Complaint by Sheldon J. Lachman against Grace Ann Lachman for divorce. Defendant counterclaimed for divorce. Judgment for defendant. Plaintiff appeals. Affirmed.

*Calvin Klyman,* for plaintiff.

*Crippen, Dever & Urquhart,* for defendant.

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 24 Am Jur 2d, Divorce and Separation § 337.

J. H. GILLIS, J. This appeal contests the granting of a judgment of divorce to defendant wife on her counterclaim for divorce. After the counterclaim for divorce was filed, the plaintiff withdrew his complaint for divorce. No issue was born as a result of this marriage. No alimony was awarded to the wife and there is no dispute over property, real or personal.

Several issues were raised at trial, which may be stated as: Has defendant-counterplaintiff shown by a preponderance of the evidence that her husband has been guilty of certain acts of extreme and repeated cruelty, and if so, did the record establish condonation on the part of the defendant-counterplaintiff of such a nature as would bar her from receiving a judgment of divorce?

Examination of the transcript in this cause discloses testimony by each of the parties which would support a finding by the trial court that plaintiff-counterdefendant was guilty of extreme and repeated cruelty. Each allegation of cruelty is denied by the opposite party. Each allegation of condonation is likewise denied by the opposite party.

While we hear the case *de novo* on the record for this Court, we are mindful of the fact that the trial judge had the opportunity to meet the witnesses face to face and to examine and observe their demeanor on the witness stand. *Dral* v. *Dral* (1967), 8 Mich App 663; *Butgereit* v. *Butgereit* (1967), 8 Mich App 246; *Osius* v. *Dingell* (1965), 375 Mich 605. We are not persuaded on this record that the trial court erred.

Affirmed. Costs to appellee.

McGREGOR, P. J., and A. C. MILLER, J., concurred.