# STATE OF MICHIGAN

# COURT OF APPEALS

CYNTHIA LOU GUILES,

        Plaintiff-Appellee,

v

KEVIN JAMES GUILES,

        Defendant-Appellant.

UNPUBLISHED
July 20, 2017

No. 332581
Midland Circuit Court
LC No. 15-002554-DO

Before: MARKEY, P.J., and RONAYNE KRAUSE and BOONSTRA, JJ.

PER CURIAM.

Defendant appeals by right the judgment of divorce entered March 2, 2016, dissolving the parties' marriage of over 23 years and awarding plaintiff spousal support of $3,000 a month for 10 years. We affirm.

In a divorce case, whether to award of spousal support and its amount is within the trial court's discretion. *Loutts v Loutts*, 298 Mich App 21, 25; 826 NW2d 152 (2012); *Butgereit v Butgereit*, 8 Mich App 246, 249; 154 NW2d 612 (1967). A trial court abuses its discretion when the court's decision is outside the range of reasonable and principled outcomes. *Woodington v Shokoohi*, 288 Mich App 352, 355, 792 NW2d 63 (2010). This Court will affirm the trial court's decision regarding spousal support unless it is firmly convinced that it was inequitable. *Berger v Berger*, 277 Mich App 700, 727; 747 NW2d 336 (2008).

This Court reviews for clear error the trial court's findings of fact underlying an award of spousal support. *Myland v Myland*, 290 Mich App 691, 694; 804 NW2d 124 (2010). Because of the trial court's special opportunity to determine the credibility of witnesses, this Court will not disturb a trial court's findings that are based on credibility determinations. MCR 2.613(C); *Butgereit v Butgereit*, 8 Mich App 246, 248; 154 NW2d 612 (1967). If the trial court's findings stand, this Court must then decide whether the trial court's dispositional ruling was fair and equitable in light of the facts. *Berger*, 277 Mich App at 727. This Court will not reverse the trial court's dispositional ruling unless firmly convinced that it was inequitable. *Id*.

We conclude that defendant has not met his burden of establishing that the trial court clearly erred in its findings of fact, which were based on the court's determination that plaintiff was more credible than defendant. The trial court properly weighed all pertinent factors regarding spousal support, and defendant on appeal has not presented a convincing argument that the trial court's discretionary ruling is unjust or inequitable. Although the amount awarded

-1-

might be on the high end, it is still within the range of reasonable and principled outcomes. *Woodington*, 288 Mich App at 355. Consequently, we must affirm. *Loutts*, 298 Mich App at 26.

Trial courts are authorized in a divorce proceeding to award to either party an amount for the suitable support and maintenance of the other party that the court "deem[s] proper and necessary," MCL 552.13(1), or "considers just and reasonable, after considering the ability of either party to pay and the character and situation of the parties . . . ." MCL 552.23(1). "The object in awarding spousal support is to balance the incomes and needs of the parties so that neither will be impoverished; spousal support is to be based on what is just and reasonable under the circumstances of the case." *Berger*, 277 Mich App at 726. There is no strict formula to determine whether an award of spousal support is just and reasonable under the circumstances of a given case. See *Loutts*, 298 Mich App at 30; *Myland*, 290 Mich App at 699-700 ("we must emphasize that there is no room for the application of any rigid and arbitrary formulas when determining the appropriate amount of spousal support"). This Court has recognized 14 factors that trial court's may consider when awarding spousal support: (a) the past relations and conduct of the parties; (b) the length of the marriage; (c) the abilities of the parties to work; (d) the source and amount of property awarded to the parties; (e) the parties' ages; (f) the abilities of the parties to pay spousal support; (g) the present situation of the parties; (h) the needs of the parties; (i) the parties' health; (j) the prior standard of living of the parties and whether either is responsible for the support of others; (k) contributions of the parties to the joint estate; (l) a party's fault in causing the divorce; (m) the effect of cohabitation on a party's financial status; and (n) general principles of equity. See *Loutts*, 298 Mich App at 31, quoting *Myland*, 290 Mich App at 695, quoting *Olson v Olson*, 256 Mich App 619, 631; 671 NW2d 64 (2003).

On appeal, defendant recognizes that trial court made findings concerning all factors that this Court has recognized may be relevant to making a just and reasonable award of spousal support under the circumstances of this case. Indeed, defendant concedes that in light of the relevant factors, a significant award of spousal support to plaintiff (defendant suggests $1,800 per month) is just and reasonable. Defendant's argument that the trial court abused its discretion in determining a just and reasonable amount of spousal support has several flaws. First, defendant fails to establish that the trial court clearly erred in its findings. See *Beason v Beason*, 435 Mich 791, 804-805; 460 NW2d 207 (1990)("the burden is on the appellant to persuade the reviewing court that a mistake has been committed"). Second, defendant employs, in essence, a formulaic approach by subtracting from what he considers would be a just and reasonable support amount what he concludes that plaintiff should be able to earn by working. But a strict formulaic approach may not be utilized in determining a just and reasonable amount of spousal support. *Myland*, 290 Mich App at 699-700. Further, the trial court's opinion supports that it, in fact, considered plaintiff's ability to earn a limited income working at an unskilled, low-wage position without imputing to plaintiff a specific amount of income. So, under factor (c) (the parties' ability to work), the trial court determined that this factor favored neither party. Defendant has failed to establish that the trial court made any clearly erroneous finding of fact.

Similarly, defendant does not establish that the trial court clearly erred with respect to the closely related factors of (a) the past relations and conduct of the parties and (l) the party's fault in causing the divorce. The trial court summarized the testimony of each party but explicitly found that plaintiff's testimony was more credible than defendant's testimony. Thus, rather than accept defendant's version of events—that defendant was a benevolent family financial manager

-2-

who encouraged plaintiff's outside pursuits—the trial court found more credible that defendant "controlled many aspects of [plaintiff's] life, including finances, job opportunities, and he often left her without a vehicle when he traveled out of town." The trial court also noted that plaintiff's version of events was corroborated by the testimony of plaintiff's friend on whom plaintiff often relied for transportation and to borrow money. Defendant has not established that the trial court clearly erred by finding each of these factors favored plaintiff. *Beason*, 435 Mich at 804-805; *Butgereit*, 8 Mich App at 248 (trial court findings will not be disturbed when based on credibility determinations with respect to conflicting testimony).

For the same reason, defendant has not established that the trial court clearly erred by finding that factors (g) the present situation of the parties, and (h) the needs of the parties, favored an award of spousal support to plaintiff. Defendant cites plaintiff's failure to present a budget, but the testimony was clear that plaintiff had no income other than spousal support that defendant failed to regularly pay and that she lived with friends. Defendant also faults the trial court for discrediting his testimony, but defendant failed to provide the trial court with any corroborative evidence to support his testimony, just as he failed to comply with ordered discovery concerning his finances. Defendant has not shown that the trial court clearly erred by finding these factors favored plaintiff. *Beason*, 435 Mich at 804; *Butgereit*, 8 Mich App at 248.

Regarding several factors in determining spousal support, defendant either agrees with the trial court (findings in parenthesis) or does not contest them. Specifically, defendant agrees with the court's finding concerning factors (b) the length of the marriage (favored plaintiff); (c) the abilities of the parties to work (neutral); (d) the source and amount of property awarded to the parties (neutral); (e) the parties' ages (neutral); (f) the abilities of the parties to pay spousal support (favors plaintiff); (i) the parties' health (neutral); (k) contributions of the parties to the joint estate (favors defendant);and (n) general principles of equity (neutral). While defendant agreed with these findings, he also contends the trial court erred by not specifically imputing to plaintiff certain income. But, as noted already, the record shows that the trial court did consider and specifically found that plaintiff had the ability to work. Defendant also argues that the trial court should have considered that plaintiff could access her portion of the 401k plan. This last argument has two flaws. First, 401k money is intended to supplement retirement income; it is not preretirement support. Second, plaintiff correctly argues that case law provides that when considering spousal support, courts should consider the income produced from assets, not their value. See *Gates v Gates*, 256 Mich App 420, 436; 664 NW2d 231 (2003); *Ewald v Ewald*, 292 Mich App 706, 723-724; 810 NW2d 396 (2011) (The party seeking alimony did not show that the trial court's temporary award was inequitable in light of the fact that the party could "invest the $518,000 cash award from the marital-property division to earn income.").

Defendant also faults the trial court with respect to its findings regarding (g) the present situation of the parties (favors plaintiff), and (m) the effect of cohabitation on a party's financial status (neutral). Defendant argues that the trial court erred by not crediting him with the fact that he was awarded the marital home, the value of which was ostensibly underwater at the time of trial. But at least defendant had a home that he could afford; plaintiff was homeless and forced to live with friends. Moreover, the value of the home is certainly not static; a few repairs and an uptick in the economy could easily return it to a positive equity and may well already have recovered. Similarly, defendant's asserted reduced net income was also largely temporary. Even if the trial court had credited defendant's testimony, his largest single monthly payment was

$1,887 for a 401k loan that would be paid off in less than a year. Defendant has not shown that the trial court clearly erred as to factors (g) and (m).

In sum, according deference to the trial court's special opportunity to determine the credibility of witnesses, MCR 2.613(C), defendant has not met his burden of showing that the trial court clearly erred regarding any of the pertinent spousal support factors. *Beason*, 435 Mich at 804. Nor has defendant shown on the basis of the trial court's findings that the trial court's decision regarding spousal support was outside the range of reasonable and principled outcomes. *Woodington*, 288 Mich App at 355. This Court therefore must affirm the trial court's decision as to spousal support because defendant has not presented a firmly convincing argument that the trial court's ruling was inequitable. *Id*. at 355-356; *Berger*, 277 Mich App at 727.

Defendant also argues that because plaintiff has the ability to work and will be receiving spousal support, the trial court's ruling assigning to defendant 100% of plaintiff's accrued uninsured health care expenses ($5,984) is unfair and unreasonable. We disagree.

A judgment of divorce must include a determination of the property rights of the parties. *Olson*, 256 Mich App at 627; MCR 3.211(B)(3). This property determination would include allocating responsibility for debts the parties accumulated during the marriage. See *Butler v Simmons-Butler*, 308 Mich App 195, 209, 221; 863 NW2d 677 (2014). The goal of distributing marital assets and liabilities in a divorce proceeding is to arrive at an equitable distribution of them in light of all the circumstances. *Berger*, 277 Mich App at 716-717. "To reach an equitable division of marital property, a trial court should consider the duration of the marriage, the contribution of each party to the marital estate, each party's station in life, each party's earning ability, each party's age, health and needs, fault or past misconduct, and any other equitable circumstance." *Woodington*, 288 Mich App at 363. The determination of relevant factors will vary from case to case; the trial court must make specific findings regarding the factors it determines to be relevant, giving no single factor undue weight. *Id*. 363-364.

The trial court's division of the marital estate involves two judicial functions: "First, the court must find facts on the basis of the evidence presented, and then the court must exercise its discretion in fashioning a disposition." *Beason*, 435 Mich at 798. "On appeal, this Court must first review the trial court's findings of fact for clear error." *Berger*, 277 Mich App at 717. A trial court's finding is clearly erroneous if, on review of the entire record, the appellate court is left with the definite and firm conviction that a mistake was made. *Id*.; *Beason*, 435 Mich at 805. If the trial court's findings are not clearly erroneous, the appellate court must determine whether, on the basis of those findings, the trial court's depositional ruling was fair and equitable. *Berger*, 277 Mich App at 717. The trial court's discretionary ruling must be affirmed unless the appellate court is left with the firm conviction that the trial court's ruling was inequitable. *Id*. at 717-718; *Sands v Sands*, 442 Mich 30, 34; 497 NW2d 493 (1993).

Defendant presents no meaningful argument regarding the trial court's division of marital assets and liabilities as a whole, instead contesting only one small portion of it by incorporating his argument concerning spousal support. See *Berger*, 277 Mich App at 712 ("A party abandons a claim when it fails to make a meaningful argument in support of its position."). Furthermore, in light of the fact that defendant's arguments concerning spousal support were unconvincing and because the contested debts were incurred while defendant was the sole source of financial

support of the family, we agree that the trial court's decision to assign to defendant the responsibility for the contested health care expenses was equitable. *Id*. at 716-717. Stated otherwise, the trial court's discretionary ruling must be affirmed because defendant has not presented a basis for this Court to be firmly convinced that the trial court's ruling was inequitable. *Sands*, 442 Mich at 34; *Berger*, 277 Mich App at 717-718.

We affirm. Plaintiff, as the prevailing party, may tax her costs under MCR 7.219.

/s/ Jane E. Markey
/s/ Amy Ronayne Krause
/s/ Mark T. Boonstra