## CZUHAI v. CZUHAI

1. DIVORCE—PROPERTY DIVISION—MARITAL ESTATE—DISCRETION.

The trial court in a divorce action has wide discretion in dividing the property of the marital estate; the circumstances of each case govern the property disposition.

2. DIVORCE—PROPERTY DIVISION—MARITAL ESTATE.

The trial court in a divorce action may grant to the wife her separate estate of the marital property or may grant the husband some portion of it, provided the husband can show he contributed to its acquisition (MCLA §§ 552.19, 552.401).

3. DIVORCE—PROPERTY DIVISION—MARITAL ESTATE—CONTRIBUTION.

Contribution toward the acquisition of the marital estate is clearly one of the factors to be considered by the trial court when attempting to make an equitable division of the property in a divorce action.

4. DIVORCE—PROPERTY DIVISION—MARITAL ESTATE—CONTRIBUTION.

Awarding the wife in a divorce action the amount of the down payment on the marital home plus one half of the remainder of the equity in the home was an equitable division of the property where the wife made the entire down payment on the marital home from her personal account and the funds paid were traceable to her separate account (MCLA §§ 552.19, 552-.401).

Appeal from Kent, John T. Letts, J. Submitted Division 3 December 8, 1970, at Grand Rapids. (Docket No. 8757.) Decided January 27, 1971.

REFERENCE FOR POINTS IN HEADNOTES

[1–4]  24 Am Jur 2d, Divorce and Separation §§ 925–946.

Complaint by Sally J. Czuhai against Monte M. Czuhai for divorce. Judgment of divorce granted to plaintiff. Defendant appeals. Affirmed.

*Rhoades, McKee & Boer* (by *Richard G. Leonard*), for defendant.

*Dunn & Dunn,* for plaintiff.

Before: FITZGERALD, P. J., and QUINN and Mc-INTYRE,* JJ.

PER CURIAM. Plaintiff Sally Czuhai and defendant Monte Czuhai were married on July 17, 1965. Mrs. Czuhai filed a complaint seeking a decree of divorce on July 7, 1969. Throughout the childless marriage, plaintiff was employed as a teacher and saved her earnings therefrom separately. Defendant, formerly a teacher and now a school principal, had difficulty managing his funds, yet he did pay the rent, insurance, utilities, and miscellaneous expenses of the marriage. When the parties purchased a home, plaintiff made the down payment of $7,885 from her personal account. In addition, the home was furnished with funds traceable to this account. From the date of purchase until the time of the hearing, defendant had made payments on the house, aggregating about $539.

Defendant now appeals, contending that the property settlement embodied in the *pro confesso* decree of divorce which granted plaintiff $7,885, the amount of the down payment on the home, plus one-half of the remainder of the equity, constituted an inequitable distribution of the property of the parties.

On November 20, 1969, a hearing was held and a *pro confesso* decree of divorce was entered embody-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

ing a property settlement which reads in part as follows:

"It appearing to the court that the plaintiff, Sally J. Czuhai, made a down payment of $7,885 out of her separate earnings as a public school teacher, which said earnings were received for services rendered during this marriage, upon the marital residence of the parties   *   *   *   and that the total equity in said house, including the down payment, is now approximately $8,400, it is the finding of this court and the judgment of this court that the court is compelled under the laws of the State of Michigan, and specifically under the statute in such case made and provided, to wit: MSA § 26.171,[1] to trace the separate earnings of the plaintiff, inasmuch as they are in fact traceable, into the equity in the marital residence, which is held as a tenancy by the entireties by the parties, and award to the plaintiff as her sole and separate property the entirety of the down payment which she made out of her separate earnings."

Defendant relies on several cases as authority for the proposition that an equal division of the marital estate is an equitable result and seemingly indicating that such a division is generally required.

Defendant's argument is without merit for the trial court has wide discretion in dividing the property of the marital estate. The circumstances of each individual case govern the disposition to be made. Examination of MCLA § 552.19 (Stat Ann 1957 Rev § 25.99) and MCLA § 552.401 (Stat Ann 1957 Rev § 25.136), discloses that the court may grant to the wife her separate estate, or may grant to the husband some portion of it, provided the husband can show he contributed to its acquisition.

---

[1] MCLA § 557.11.—REPORTER.

These statutes establish the bounds of the discretion in this case.

Contribution towards the acquisition of the marital estate is clearly one of the factors to be considered when an equitable division of the property is attempted. See *Whittaker* v. *Whittaker* (1955), 343 Mich 267, 272; *Johnson* v. *Johnson* (1956), 346 Mich 418, 431.

The record in the present case reveals an equitable division of the property. It has long been established that an appellate court will not substitute its findings for those of the trial court unless it is clear that it would have reached a different result had it occupied the position of the trial judge. *Paul* v. *Paul* (1960), 362 Mich 43; *Piazzon* v. *Piazzon* (1968), 14 Mich App 246.

Affirmed. Costs to appellee.