KURTZ *v.* KURTZ

1. DIVORCE—APPEAL AND ERROR—STANDARD OF REVIEW.
   An appellate court, although hearing a divorce case *de novo* on the record, will not substitute its judgment for that of the trial judge, absent an abuse of discretion.

2. DIVORCE—PROPERTY SETTLEMENT—DIVISION OF TOTALLY-OWNED COMPANY—APPEAL AND ERROR—AMENDMENT OF SETTLEMENT.
   Property provisions of the parties' divorce judgment was amended by the appellate court so as to award all the shares of stock in the parties' company to the plaintiff wife in consideration of a lump sum payment to defendant husband where the original judgment provided for an equal division of the shares, the equal division of the shares resulted in an impossible situation regarding the company's management, the wife was the sole owner of the company before her marriage to defendant, when marital problems arose, nearly eight years before the present decision, the parties agreed that the wife was to have exclusive management of the company, after that agreement, defendant opened his own business, and since the wife's exclusive management of the company, its value has increased tenfold.

Appeal from Wayne, Benjamin D. Burdick, J. Submitted Division 1 December 16, 1970. (Docket No. 6315.) Decided May 24, 1971. Leave to appeal denied, 386 Mich 755.

Complaint for divorce by Lucille D. Kurtz against Walter A. Kurtz. Judgment for plaintiff. Plaintiff appeals property division. Defendant cross-ap-

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Appeal and Error § 822.
[2] 24 Am Jur 2d, Divorce and Separation § 934.

peals.   Judgment of divorce for plaintiff affirmed with modification of property division terms.

*Sullivan & Leavitt,* for plaintiff.

*Nelson & Wilson,* for defendant.

Before:   J. H. GILLIS, P. J., and O'HARA[*] and JEANNETTE,[**] JJ.

PER CURIAM.   This is an appeal of right from a divorce judgment granted to plaintiff wife and the division of property made pursuant thereto.   Appellant, Lucille Kurtz, seeks a change in the property settlement.   On cross-appeal Walter Kurtz seeks to have the divorce judgment vacated and the divorce granted to him.   He claims her asserted grounds were insufficiently proved.

Although this Court hears a divorce case *do novo* on the record, it will not substitute its judgment for that of the trial judge, absent a showing of abuse of discretion.   *Heckelman* v. *Heckelman* (1966), 3 Mich App 159; *Hildebrandt* v. *Hildebrandt* (1923), 223 Mich 352.   Such abuse is not supported by the record in this case.   The judgment of divorce to plaintiff is accordingly affirmed except as hereinafter modified.

The property division as ordered by the trial court is affirmed except as to the 50-50 division of the stock in Concrete Block & Products Company.   That division of property was made after extensive testimony and the submission of voluminous business records to the trial judge over a period of several

---

[*] Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

[**] Circuit judge, sitting on the Court of Appeals by assignment.

years. As above noted, this Court will not generally substitute its judgment for that of the trial judge on such a matter. However, this decree has resulted in a totally impossible situation regarding the management of the company.[1] Both parties acknowledge the impossibility of the situation.

The factual background of this case is as follows: Lucille Kurtz became the sole owner of Concrete Block & Products Company following the death of her first husband and the purchasing of outstanding stock from her brother in 1937. Subsequent to this purchase plaintiff married Walter Kurtz who was then employed at Concrete Block. Both parties continued to work in various capacities at the company until 1963 when marital and financial problems arose. At this time the parties agreed that exclusive management of the company be placed in the hands of Lucille. Walter thereupon opened a separate business in Lansing. From 1963 to the present, the value of Concrete Block has increased approximately ten-fold.

We have examined the record in great detail. We find, as apparently did the trial judge, that although Walter Kurtz' claims are not without merit, the greater equities are with Lucille Kurtz. Her contributions to the management of the company are supported by the record. The trial judge awarded the greater share of the couple's business interests to her, except as to Concrete Block. We believe it is better to place a money value on the parties' respective interest in this company rather than to leave the division in the form of an award of shares of stock.

---

[1] We take judicial notice of the fact that there is already before this Court a dispute involving the validity of the election of the board of directors of Concrete Block & Products Company.

It is, of course, within the *de novo* review powers of this Court to amend a judgment of divorce as to the division of property. We, therefore, regard it more practicable to award all the shares of Concrete Block & Products Company stock to the wife. We find, however, that she is to pay Walter Kurtz $75,000. This transfer and payment is to be made within 90 days of the date of the release of this opinion to the parties. We specificially hold that no interest shall accrue, nor be paid, as to this sum. In all other respects the judgment of the trial court is affirmed. We allow no costs, neither party having prevailed in full.

In view of our holding here, we suggest that the parties address themselves to the question of the mootness of the issues in *Kurtz* v. *Kurtz,* Docket No. 9431, now pending in this Court.