PUBLIC SCHOOL EMPLOYEES' RETIREMENT BOARD *v*
WEXFORD CIRCUIT JUDGE

1. Schools and School Districts—Retirement Fund—Process—
Exemption.

Public school employees' retirement funds are exempt from any
process of law whatsoever and are personal to the contributor;
accumulated contributions of a person who has ceased to be
a public school employee prior to attaining eligibility for a
regular retirement allowance are also exempt from judicial
process.

2. Schools and School Districts—Retirement Fund—Process—
Exemption—Divorce.

All allowances, benefits, funds, moneys, investments, and income
in public school employees' retirement funds are not subject
to any judicial process, including process in divorce actions.

3. Schools and School Districts—Retirement Fund—Process—
Exemption.

The accumulated contributions to the Michigan Public School
Employees' Retirement Fund of a person who has ceased to
be a public school employee in Michigan prior to attaining
eligibility for a regular retirement allowance, are not subject
to process in a divorce proceeding (MCLA 38.225).

Original action in the Court of Appeals. Submitted Division 3 January 7, 1972, at Grand Rapids. (Docket No. 11084.) Decided March 28, 1972.

References for Points in Headnotes

[1–3] 24 Am Jur 2d, Divorce and Separation § 723.
47 Am Jur, Schools § 120 *et seq.*
Enforcement of claim for alimony of support, or for attorneys'
fees and costs incurred in connection therewith, against exemp-
tions, 54 ALR2d 1422.

Complaint by the Michigan Public School Employees' Retirement Board and Allison Green, State Treasurer, against William R. Peterson, Wexford County Circuit Judge, for an order of superintending control commanding the defendant to desist from exercising any jurisdiction over plaintiffs concerning the accumulated contributions to the Michigan Public School Employees' Retirement Fund of a party in a divorce action.   Order granted and cause remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Eugene Krasicky* and *Patrick E. Kowaleski,* Assistants Attorney General, for plaintiffs.

*Korn & Burns,* for defendant.

Before: Fitzgerald, P. J., and R. B. Burns and Targonski,* JJ.

Per Curiam.   This appeal questions the disposition of accumulated retirement pension funds in a divorce action.

Harold Cunningham was a public school teacher in the State of Michigan and as such was a member of the Michigan public school employees retirement system.   Harold made contributions to the system by way of payroll deductions.   After Harold left the public school service, on May 21, 1970, Luaine Cunningham, Harold's wife, filed a complaint for divorce against him in the Wexford County Circuit Court. Although Harold was not eligible for retirement when he left, he was entitled to a refund of his

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

contributions into the retirement fund.[1]  On June 4, 1970, the circuit court issued a preliminary injunctive order requiring the Michigan Public School Employees' Retirement Board to transfer to the custody of the court Harold's accumulated deposits.

Thereafter, on September 11, 1970, the Attorney General, on behalf of the retirement board, filed a motion to dissolve the June 4, 1970, injunctive order claiming the fund was exempt from process or seizure under the Public School Employees' Retirement Act,[2] in particular MCLA 38.225; MSA 15.893 (25).  On October 13, 1970, the motion of the Attorney General was denied.  Judge Peterson ruled that the circuit court did have jurisdiction over the funds held by the retirement board.

Subsequently, a judgment of divorce on the grounds of extreme cruelty and nonsupport was entered on December 21, 1970.  This judgment in a separate provision, entitled, "Funds on Deposit with Michigan Public School Employee Retirement Fund" provided, as follows:

"It is further ordered and adjudged that a certified copy of this judgment be served on the Attorney General, attorney for the Michigan Public School Employees Retirement Board and the State Treasurer and that the failure to forward and pay the said funds as directed in this judgment shall constitute contempt of the order of this court if the same has not been obeyed by the first day of February 1971."

Following this decree, the Attorney General filed a petition for a stay of Judge Peterson's order and for

---

[1] When Mr. Cunningham left the public school service in Michigan he made a request for a refund of his contributions with the apparent intention of teaching in another state.  But, on October 19, 1970, he submitted a request that his application for refund be withdrawn.  He stated his intention was to again teach in Michigan and that he wanted his application for a refund dismissed.  The refund has not been made.

[2] MCLA 38.201 et seq; MSA 15.893(1) et seq.

superintending control with this Court which was granted on January 28, 1971.

Plaintiffs contend that the circuit court had no authority to issue such an order because of a statutory exemption found in MCLA 38.225; MSA 15-.893(25). Defendant argues against any statutory exemption of the property of litigants in a divorce case.

MCLA 38.225; MSA 15.893(25), provides as follows:

"A pension, an annuity, or retirement allowance, any optional benefit, or any other benefits accrued or accruing to any person under the provisions of this chapter, the various funds created by this chapter, and all moneys and investments and income thereof, are hereby exempt from any state, county, municipal, or other local tax, and shall not be subject to execution, garnishment, attachment, the operation of bankruptcy or insolvency laws, *or other process of law whatsoever;* and the right of a member to a pension, an annuity, or retirement allowance, any optional benefit, or any other benefits accrued or accruing to any such member or beneficiary under the provisions of this chapter shall be unassignable except as in this chapter specifically provided." (Emphasis added.)

Upon an examination of this statute, it is apparent that the language used by the Legislature expresses, in clear and unambiguous terms, an intent to insulate public school employees' retirement funds from process and to make them personal to the contributor. Further, this Court has specifically determined in *Marion* v *Vaughn,* 12 Mich App 453 (1968), that this statutory language also encompasses the accumulated contributions of a person who has ceased to be a public school employee prior to attaining eligi-

bility for a regular retirement allowance, as is the case here.

Even though *Marion* was concerned with a garnishment proceeding—a process specifically exempted in the statute, we feel that a divorce proceeding falls equally within the statute as an exemption under the category "or other process of law whatsoever". By inserting this clause, "or other process of law whatsoever", the Legislature has seemingly declared, in broad and sweeping language, without exception, that all allowances, benefits, funds, moneys, investments, and income under the aforementioned statute are not subject to any judicial process. As this Court enunciated in *Marion:*

"The existence of the fund is a well recognized incentive to faithful discharge of duties during the period of active service. It is of great benefit to the employees to have their accumulated contributions protected both during the working years and those years thereafter when they are unable to perform service in their profession." *Marion* v *Vaughn, supra,* at 457.

Thus, in determining here that the accumulated contributions in question are exempt from process in a divorce proceeding, we find that the trial court had no authority to issue such an order. The accumulated contributions to the Michigan Public School Employees' Retirement Fund of a person who has ceased to be a public school employee in Michigan prior to attaining eligibility for a regular retirement allowance, are not subject to process in a divorce proceeding pursuant to MCLA 38.225; MSA 15.893 (25). Consequently, this matter is remanded to the Wexford County Circuit Court for compliance with this opinion.