SIMMONS v SIMMONS

OPINION OF THE COURT

1. DIVORCE—PROPERTY DIVISION—APPEAL AND ERROR—JUDGE'S DIS-
   CRETION.

   The trial court has wide discretion in a divorce case in dividing
   the property of the marital estate, and a property award will
   not be modified by the Court of Appeals unless it is convinced
   that, had it been in the position of the trial court, it would
   have reached a different result.

2. DIVORCE—PROPERTY DIVISION—SALE OF PROPERTY.

   A trial court improperly ordered a defendant in a divorce case to
   sell an apple orchard and divide the proceeds with the plaintiff
   where the defendant alone was purchasing the orchard from
   his parents on a land contract, defendant had been an apple
   farmer all of his life, and the orchard was his primary means
   of earning a living.

DISSENT BY PETERSON, J.

3. DIVORCE—PROPERTY DIVISIONS—SALE OF PROPERTY.

   *The sale of a defendant's farm was properly ordered in a divorce
   case, with the proceeds to be divided between the parties,
   where the evidence made clear that the defendant, as a farmer,
   had not been capable of meeting his obligations and supporting
   his family and that the farm had a land value far in excess of
   its value as an operating farm.*

Appeal from Oakland, Richard D. Kuhn, J. Sub-
mitted Division 2 December 4, 1974, at Detroit.
(Docket No. 18897.) Decided February 11, 1975.

Complaint by Freda M. Simmons against Bruce

REFERENCES FOR POINTS IN HEADNOTES
[1] 24 Am Jur 2d, Divorce and Separation §§ 929, 930, 933.
[2, 3] 24 Am Jur 2d, Divorce and Separation § 934.

E. Simmons for divorce. Judgment of divorce for plaintiff. Defendant appeals and plaintiff cross-appeals. Reversed and remanded for further proceedings.

*Lampert & Fried* (by *David M. Fried* and *Gary E. Levitt),* for plaintiff.

*Faintuck, Shwedel, Roether, Wolfram & McDonald,* for defendant.

Before: J. H. GILLIS, P. J., and V. J. BRENNAN and PETERSON,* JJ.

J. H. GILLIS, P. J. By judgment of November 9, 1973, the marriage between the parties was terminated, provision was made for the custody and support of minor children, support of plaintiff by alimony was allowed, and the property interests of the parties were resolved.

Defendant appeals, asserting that the trial judge erred in the division of the marital property with particular reference to the provision dealing with a 72-acre apple orchard being purchased on land contract by defendant from his parents.[1] As to that property, the court ordered that it be held by the parties as tenants in common, giving defendant the exclusive right of possession and use along

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] The relevant statute, MCLA 552.23(1); MSA 25.103(1), provides:

"Upon every divorce from the bond of matrimony and also upon every divorce from bed and board if the estate and effects awarded to either party shall be insufficient for the suitable support and maintenance of either party and such children of the marriage as shall be committed to the care and custody of either party, the court may further award to either party such part of the real and personal estate of either party and such alimony out of the estate real and personal, to be paid to either party in gross or otherwise as it shall deem just and reasonable, having regard to the ability of either party and the character and situation of the parties, and all the other circumstances of the case."

with the duty to maintain the property and pay the taxes thereon. After five years, or sooner upon defendant's election, the judgment orders the property sold and the proceeds divided according to a formula set out in the judgment. The $100-per-month alimony provision ceases on the sale of the orchard.

The trial court has wide discretion in dividing the property of the marital estate. *Czuhai v Czuhai*, 30 Mich App 208; 186 NW2d 32 (1971). We will not modify its property award unless convinced that, had we been in its position, we would have reached a different result. *Paul v Paul*, 362 Mich 43; 106 NW2d 384 (1960); *Feldman v Feldman*, 55 Mich App 147; 222 NW2d 2 (1974). In the instant case, we are convinced that had we been in the trial court's position, we would not have ordered defendant to sell his apple orchard.

In *Johnson v Johnson*, 346 Mich 418, 431; 78 NW2d 216, 222 (1956), our Supreme Court said:

"The division of property in a divorce action is not governed by any rigid rules or mathematical formula. Each case depends on the particular facts involved.

\* \* \*

"The portion of property awarded to each party depends upon all the equitable factors involved, including the following: source of property, contribution towards its acquisition, the years of married life, the needs of the parties, their earning ability and also the cause for divorce."

This orchard had belonged to defendant's family for more than a century. It was being purchased on land contract by defendant alone. Most importantly, defendant has been an apple farmer all of his life. This orchard is his primary means of

earning a living. We think it is improper to require defendant to sell his business.

Therefore, we remand this case to the trial court for further proceedings consistent with this opinion. The trial court can, of course, order defendant to make a cash payment to plaintiff. It can direct that the orchard be subject to a lien securing the payment of the cash award.[2] The award should be made payable in installments over the next several years so as to give defendant a reasonable opportunity to avoid a forced sale of his farm.

Reversed and remanded. Costs to defendant-appellant.

V. J. BRENNAN, J., concurred.

PETERSON, J. *(dissenting)*. I would affirm. It seems to me that the action of the trial judge was a well-considered solution to the problems of the parties. The sale of the orchard and the disposition of the proceeds, as ordered, was carefully tailored to fairly meet defendant's support obligations under the peculiar circumstances of this case, and within the power of the court under MCLA 552.23(1); MSA 25.103(1), providing:

"Upon every divorce from the bond of matrimony and also upon every divorce from bed and board if the estate and effects awarded to either party shall be insufficient for the suitable support and maintenance of either party and such children of the marriage as shall

---

[2] MCLA 552.27; MSA 25.105, provides in pertinent part:

"In all cases where alimony or allowance for the support and education of minor children shall be awarded to either party, the amount thereof shall constitute a lien upon such of the real and personal estate of the adverse party as the court by its judgment shall direct, and in default of payment of the amount so awarded the court may order the sale of the property against which such lien is adjudged in the same manner and upon like notice as in suits for the foreclosure of mortgage liens * * * ."

be committed to the care and custody of either party, the court may further award to either party such part of the real and personal estate of either party and such alimony out of the estate real and personal, to be paid to either party in gross or otherwise as it shall deem just and reasonable, having regard to the ability of either party and the character and situation of the parties, and all the other circumstances of the case."

A review of the record discloses that the court followed the statutory mandate to consider the ability of the parties, their character and situation and all of the circumstances of the case.

As against defendant's claim that it was inequitable to require the sale of the family farm, which was his means of livelihood, the court heard testimony that (a) the farm had not been productive, resulting in a net loss of $8,600 over the previous years; (b) defendant was in default on the land contract, his deficiencies exceeding the original purchase price of $60,000; (c) defendant had other substantial obligations; (d) plaintiff was physically incapable of working; (e) defendant had failed to comply with the court's temporary support order, accumulating an arrearage of almost $6,000 during the pendency of the action; and (f) plaintiff and the minor children had been subsisting with an aid to dependent children grant from the county department of social services. It is clear that the farm had a land value far in excess of its value as an operating farm—at least in defendant's hands. It is equally clear that as a farmer defendant is not, or has not been, capable of meeting his obligations and supporting his family.

While my brothers find it more equitable to give plaintiff a cash award and leave the farm with defendant subject to a lien for the cash award, it seems to me that the trial judge dealt with reali-

ties rather than defendant's vain expectations. There is no way defendant can have the farm and finance it too—he simply cannot pay a cash award without selling. When the award is not paid, plaintiff will have to resort to foreclosure proceedings, an expense she can ill afford.