DAVEY v DAVEY

Docket No. 51516. Submitted March 3, 1981, at Lansing.—Decided
    May 20, 1981.

    Marjorie L. Davey and Marshall S. Davey were divorced in the
    Ingham Circuit Court. James T. Kallman, J., in determining
    the property settlement, evenly divided the inheritance Marjo-
    rie received from her aunt after initiating the divorce proceed-
    ing but before judgment was entered. Judge Kallman found
    that Mrs. Davey was at fault for the breakup of the marriage
    for purposes of the property settlement, and that the marital
    estate was insufficient to maintain the defendant Mr. Davey's
    life style. Mrs. Davey appeals. *Held:*

        The trial court erred in invading the plaintiff's separate
    inheritance to compensate the defendant for what the court
    found to be an insufficiency in the marital estate for mainte-
    nance of the defendant. The even division of the marital assets
    is equitable in view of the circumstances of both parties. The
    share of the marital assets awarded to the defendant does not
    appear insufficient.

        Affirmed in part and reversed in part.

1. DIVORCE — DIVISION OF PROPERTY.

    Fault is still one of many valid considerations in matters of
    property division in divorce actions notwithstanding Michigan's
    no-fault divorce law, and a trial judge's consideration of fault in
    determining a property division will not be disturbed absent an
    abuse of discretion.

2. DIVORCE — DIVISION OF PROPERTY.

    A trial court's determination of property division in a divorce
    action necessitates an examination of the duration of marriage,
    the contributions of the parties to the joint estate, and the

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 24 Am Jur 2d, Divorce and Separation §§ 925, 926.
    Fault as consideration in alimony, spousal support, or property
    division awards pursuant to no-fault divorce. 86 ALR3d 1116.
[3] 4 Am Jur 2d, Appeal and Error §§ 135, 868.

parties' age, health, station in life, necessities and circumstances, and earning ability.

3. DIVORCE — DIVISION OF PROPERTY — APPEAL.

   The Court of Appeals considers appeals of the property division in divorce cases *de novo,* but does not generally reverse or modify such decisions unless it is convinced that it would have reached another result had it occupied the position of the trial court.

*Sinas, Dramis, Brake, Boughton, McIntyre & Reisig, P.C.* (by *Tim J. Donovan),* for plaintiff.

*Clifford W. Taylor,* for defendant.

Before: M. F. CAVANAGH, P.J., and ALLEN and J. H. GILLIS, JJ.

PER CURIAM. Plaintiff, Marjorie L. Davey, appeals as of right from an order, pursuant to a judgment of divorce, requiring her to pay one-half of an inheritance to defendant.

In the trial court, the parties' assets were divided between the plaintiff and defendant as follows:

| MARJORIE DAVEY | | MARSHALL DAVEY | |
|---|---|---|---|
| Residence | $42,036 | Cottage | $25,000 |
| Pension | 7,919 | Pension | 4,726 |
| Cemetery Lots | 1,800 | Insurance | 800 |
| Inheritance | 25,000 | Securities | 21,630 |
| Auto & Personal | | Inheritance | 25,000 |
| Possessions | –0– | Auto & Personal | |
| | | Possessions | –0– |
| Totals | $76,755 | | $77,156 |

This division of property (except as it concerned

the inheritance) was in accordance with the wishes of the parties. The plaintiff did not want the defendant to share in any part of the $50,000 inheritance she received from her aunt after the filing of divorce proceedings but prior to the judgment of divorce.

The trial court found that the breakup of the marriage was caused by the plaintiff and, for purposes of the property settlement, the plaintiff was at fault.

As to the division of plaintiff's inheritance, the trial court stated:

"In regards to the inheritance from the estate of Eva Foglesong, this Court is of the opinion that *Charlton v Charlton,* 397 Mich 84 (1976), is controlling. Applying the two-prong test posited by *Charlton,* this Court holds that the award as ordered here is insufficient to maintain defendant. Specifically, defendant will need funds to establish a new residence and otherwise maintain the standard of living he enjoyed while married. Therefore, the inherited property shall be divided evenly between plaintiff and defendant."

Notwithstanding Michigan's no-fault divorce law, fault is still one of many valid considerations in matters of property division and a trial judge's consideration of fault in determining a property division will not be disturbed absent an abuse of discretion. *Chisnell v Chisnell,* 82 Mich App 699, 707; 267 NW2d 155 (1978). A determination of property division necessitates an examination of the following factors: duration of marriage; contributions of the parties to the joint estate; and the parties' age, health, station in life, necessities and circumstances, and earning ability. *Holbern v Holbern,* 91 Mich App 566, 569; 283 NW2d 800 (1979). One of the circumstances to be considered in the

determination of property division is the fault or misconduct of a party. *Chisnell, supra.*

The marriage in the instant case lasted over 30 years. At the time of the divorce, both parties were enjoying good physical health. The parties had an equal earning capacity, each earning approximately $18,000 annually. Their "station in life" appears to have been a comfortable one. Both of the parties' children had attained the legal age of majority.

The trial court's division of the plaintiff's separate inheritance was accomplished pursuant to a finding of insufficiency of assets awarded out of the marital estate under MCL 552.23(1); MSA 25.103(1). The trial court concluded that the defendant needed additional funds to establish a new residence and otherwise maintain the standard of living he had enjoyed while married.

This Court hears appeals on property division in divorce cases *de novo,* but does not generally reverse or modify such decisions unless it is convinced that it would have reached another result had it occupied the position of the trial court. *McCallister v McCallister,* 101 Mich App 543, 549; 300 NW2d 629 (1980). *Paul v Paul,* 362 Mich 43, 47; 106 NW2d 384 (1960).

Although the trial court stated that it felt plaintiff was at fault in the breakdown of this marriage, the court chose to award an equal amount of marital property to each spouse. Apparently, the court found that either plaintiff's fault was not so grievous or the defendant also bore some fault responsibility. Then, however, based upon its finding that the defendant's portion of the marital property was insufficient to maintain him in the manner in which he had become accustomed, the trial court awarded defendant one half of the inheritance which the plaintiff had received after

filing for divorce but prior to the judgment of divorce. The trial court relied upon MCL 552.23(1); MSA 25.103(1), for the award of half of plaintiff's separate inheritance to the defendant. That statute states:

"Sec. 23. (1) Upon every divorce from the bond of matrimony and also upon every divorce from bed and board if the estate and effects awarded to either party shall be insufficient for the suitable support and maintenance of either party and such children of the marriage as shall be committed to the care and custody of either party, the court may further award to either party such part of the real and personal estate of either party and such alimony out of the estate real and personal, to be paid to either party in gross or otherwise as it shall deem just and reasonable, having regard to the ability of either party and the character and situation of the parties, and all the other circumstances of the case."

The trial court's determination that the defendant's award was insufficient for his maintenance under MCL 552.23(1); MSA 25.103(1) should logically have led that court to award the defendant a greater share of the marital estate. Instead, the court awarded each spouse equal shares of the marital estate and then invaded the plaintiff's separate inheritance to compensate the defendant for what the court found to be an insufficiency. This was error.

A thorough review of the record convinces us that the even division of marital assets is equitable in view of the circumstances of both parties. The share of the marital assets awarded to defendant does not appear insufficient. We reverse the court's award of one half of plaintiff's inheritance to defendant and affirm the court's division and award of the marital assets.

Reversed in part and affirmed in part.