YORK v YORK

Docket No. 53298. Submitted October 8, 1981, at Lansing.—Decided
    February 17, 1982.

John R. York filed an action for divorce against Marie York in
    Bay Circuit Court. Defendant petitioned for alimony. Following
    an abbreviated hearing, Ira W. Butterfield, J., ordered tempo-
    rary alimony of $65 per week, such temporary alimony being
    subject to retroactive adjustment either upwards or downwards
    at the time of a full hearing on the petition for alimony.
    Plaintiff paid no alimony. Following a full hearing, the trial
    judge ordered, as part of the divorce judgment, alimony in the
    amount of $50 per week retroactive to the date of the order of
    temporary alimony. Plaintiff appeals. Defendant cross appeals.
    *Held:*

    1. The trial court had the authority to make the order of
    permanent alimony retroactive to the date of the order of
    temporary alimony.

    2. Since the trial court considered all of the relevant factors
    before setting the level of alimony and reached a reasonable
    result, the Court of Appeals will not substitute its judgment for
    that of the trial judge.

    Affirmed.

1. DIVORCE — ALIMONY — ORDERS — RETROACTIVE APPLICATION.

    An order of alimony in a divorce case may provide that the
    payment of alimony shall be retroactive to the date of the filing
    of the petition seeking alimony.

2. DIVORCE — ALIMONY — PROPERTY SETTLEMENT.

    A determination as to alimony necessitates consideration of: (1)
    the duration of the marriage; (2) contributions of the parties to

REFERENCES FOR POINTS IN HEADNOTES
[1] 24 Am Jur 2d, Divorce and Separation § 708.
[2] 24 Am Jur 2d, Divorce and Separation § 630 *et seq.*
    Adequacy of amount of money awarded as permanent alimony
    where divorce is or has been granted. 1 ALR3d 123.
[3] 5 Am Jur 2d, Appeal and Error § 868.
    24 Am Jur 2d, Divorce and Separation §§ 659, 662.

the joint estate (sources of property); (3) age; (4) health; (5) station in life; (6) necessities and circumstances; and (7) earning ability of the parties.

3. APPEAL — DIVORCE — ALIMONY.

The Court of Appeals reviews a divorce case *de novo* but will not substitute its judgment relative to an award of alimony for that of the trial judge absent a showing of an abuse of discretion or unless the Court of Appeals would have reached a different result had it occupied the position of the trial judge.

*John L. Weslowski,* for plaintiff.

*Isackson, Neering & Quinn, P. C.* (by *Ralph J. Isackson* and *Barney R. Whitesman),* for defendant.

Before: ALLEN, P. J., and M. J. KELLY and J. J. KELLEY,* JJ.

J. J. KELLEY, J. Four months before the judgment of divorce was entered herein, defendant wife filed a petition for alimony. In answers to interrogatories plaintiff husband stated that he was employed as an electrician by Bechtel and grossed over $30,000 per year.

At the hearing on the question of alimony, defendant testified that she was 53 years old, had been married to plaintiff husband for almost 30 years, had borne 4 children who were now adults, had received no support from her husband since their separation, earned about $51 or a bit more per week from her job at McDonald's, and was behind in paying doctors' bills and rent for her basement apartment. A medical emergency involving a member of his family confronted the judge. Prior to cross-examination of defendant, the judge ordered $65 per week alimony, stating that it was purely temporary, subject to adjustments upwards

---

* Circuit judge, sitting on the Court of Appeals by assignment.

or downwards retroactive until the rest of the motion was heard.

In response to the inquiry by plaintiff's counsel as to a date for further hearing, he was advised to check with the judge's secretary. Plaintiff's counsel then sought entry of an order so that plaintiff could attack it in an interlocutory appeal. The judge immediately signed the order which stated that it was "subject to alteration later by court to be retroactive".

It does not appear that plaintiff's counsel took any action toward continuation of the hearing, or otherwise, to change the terms of the order. Plaintiff paid no alimony and contempt proceedings were taken against him for nonpayment.

At the beginning of trial, plaintiff's counsel stated that he believed the significant issue was alimony and defendant would have the burden of proving entitlement to it. Following a contested trial, the court determined alimony should be the sum of $50 per week, retroactive to the date of the temporary order. On appeal and cross-appeal both parties attack the court's decisions regarding alimony.

Plaintiff's contention that the trial judge erred in ordering alimony at the pre-judgment hearing is without merit.

In *Farr v Farr,* 63 Mich App 741, 745; 235 NW2d 31 (1975), the court approved the concept of making support orders retroactive to the date of filing of the petition therefor, and noted that our Supreme Court had implicitly approved this practice. *Id.,* 743, fn 2. The nature of support and alimony requires that orders regarding them, whether to commence, increase, decrease or cease payments, begin as of the time of need for relief. The trial court is authorized to cancel arrearages

retroactively. *Pronesti v Pronesti,* 368 Mich 453; 118 NW2d 254 (1962). *Wellman v Wellman,* 305 Mich 365; 9 NW2d 579 (1943). As a corollary, the court should have authority to begin payments retroactively.

Here defendant wife's petition indicated a dire need for alimony at the time of its filing. The court set an amount to begin *after* filing of the petition, subject to retroactive modification. Plaintiff husband neither paid anything nor noticed the petition for further hearing as his counsel indicated would be done. There occurred a full alimony hearing, and alimony was reduced retroactively to the date of the initial hearing. Plaintiff has no basis for complaint. He had his day in court. The court's power to award alimony is statutory. MCL 552.23; MSA 25.103. In determining the amount of alimony to be awarded a court must consider: (1) duration of the marriage; (2) contributions of the parties to joint estate (sources of property); (3) age; (4) health; (5) station in life; (6) necessities and circumstances; and (7) earning ability of the parties. *Vaclav v Vaclav,* 96 Mich App 584, 590; 293 NW2d 613 (1980). *Holbern v Holbern,* 91 Mich App 566, 569; 283 NW2d 800 (1979).

This Court hears a divorce case *de novo* on the record and will not substitute its judgment for that of the trial judge, absent a showing of abuse of discretion, *Kurtz v Kurtz,* 34 Mich App 34, 35; 190 NW2d 689 (1971), or unless it is clear the reviewing court could have reached a different result had it occupied the position of trial judge. *Czuhai v Czuhai,* 30 Mich App 208, 211; 186 NW2d 32 (1971). A review of the record shows that the trial judge considered relevant alimony factors and reached a reasonable conclusion.

Affirmed.