PERRY v PERRY

Docket No. 68666. Submitted November 1, 1983, at Lansing.—Decided April 2, 1984.

Plaintiff, Leona A. Perry, and defendant, Noble K. Perry, were divorced, Saginaw Circuit Court, Hazen R. Armstrong, J. Among other things, the divorce judgment provided that defendant was granted his pension, vested but not yet mature, free of claims by the plaintiff, and plaintiff was awarded temporary alimony so long as she is unemployed and a lesser amount of monthly permanent alimony thereafter, unless she should remarry. Defendant appealed, alleging that the trial court erred in awarding permanent alimony. *Held:*

The trial court had authority to award permanent alimony. The court should have considered the defendant's interest in his pension as a marital asset subject to distribution. Because the plaintiff failed to provide the trial court with figures to show the present value of the pension interest, the case should be remanded for additional testimony regarding the present value of the pension interest and the recalculation of any permanent alimony the trial court then deems appropriate.

Remanded.

CYNAR, P.J., dissented. He would not allow recovery of permanent alimony in this case, considering the contingencies still attendant on defendant's receiving any pension benefits. He would, instead, award plaintiff an additional payment upon sale of the marital home.

REFERENCES FOR POINTS IN HEADNOTES

[1] 24 Am Jur 2d, Divorce and Separation §§ 906, 948, 949.

Pension or retirement benefits as subject to award or division by court in settlement of property rights between spouses. 94 ALR3d 176.

[2] 24 Am Jur 2d, Divorce and Separation §§ 576 *et seq.,* 639 *et seq.,* 657 *et seq.*

[3] 4 Am Jur 2d, Appeal and Error § 135.

5 Am Jur 2d, Appeal and Error § 868.

[4] 24 Am Jur 2d, Divorce and Separation § 625.

Allowance of permanent alimony to wife against whom divorce is granted. 34 ALR3d 313.

1. DIVORCE — PROPERTY DIVISION — PENSIONS — BURDEN OF PROOF.

   A pension which has a reasonably ascertainable present value should be considered a marital asset in a divorce action; the party seeking to include the pension interest in the marital estate bears the burden of proving a reasonably ascertainable value and if that burden is not met the interest should not be considered an asset subject to distribution.

2. DIVORCE — ALIMONY — PROPERTY DIVISION.

   A determination of alimony and property division in a divorce action requires consideration of the duration of the marriage, the contributions of the parties to the joint estate, and the age, health, station in life, necessities, circumstances, and earning abilities of the parties.

3. DIVORCE — APPEAL — *De Novo* REVIEW.

   A divorce action is equitable in nature; appellate review is *de novo*, but the Court of Appeals will give grave consideration to the findings made by the trial court and will not interfere with the decision unless it is convinced that it would have reached a different conclusion if it were in the trial court's place.

4. DIVORCE — ALIMONY.

   An award of alimony is within the discretion of the trial court.

*Diane D. St. Clair,* for plaintiff.

*Christ A. Anagnost,* for defendant.

Before: CYNAR, P.J., and BEASLEY and T. GILLESPIE,* JJ.

T. GILLESPIE, J. Plaintiff, Leona A. Perry, and defendant, Noble K. Perry, were married January 7, 1956. They were divorced December 8, 1982, by Circuit Judge Hazen R. Armstrong in Saginaw.

Mr. Perry was 52 years of age and had been employed by Consumers Power Company for many years. He has a vested noncontributory pension with his employer which will entitle him to $886

* Circuit judge, sitting on the Court of Appeals by assignment.

monthly at age 65. His salary was about $30,000 a year.

Mrs. Perry is a skilled business woman who was an executive secretary, a successful real estate agent, and her last employment was as assistant vice president of the mortgage department of Family Federal Savings and Loan of Saginaw where her annual earnings were $15,000. Just prior to the divorce, in April, 1982, she was laid off due to economic conditions and she was drawing $150 weekly in unemployment benefits at the time of the divorce.

The parties were parents of two children, both of whom were over 18 years of age. Both parties, even though not obligated to do so, had been contributing to a daughter's college education.

There was recrimination on each side. The wife charged the husband with insensitivity and lack of communication, unwillingness to travel with her, parsimony, unwillingness to participate in counseling, and, ultimately, physical abuse. The husband charged the wife with taking separate vacations and, ultimately, involvement with another man, which plaintiff claimed did not occur prior to separation.

The court found mutual fault.

In division of the property, the court divided all the property equally except the house which it ordered sold, the net proceeds to be divided equally.

The court granted the husband his Consumers Power pension free of claims by the wife.

The issue in this case arises in the decision of the court to award $250 per month alimony to plaintiff, so long as she is unemployed, and permanent alimony of $150 per month thereafter, unless she should remarry.

The defendant sought reconsideration of the alimony question averring that alimony was not asked for in the complaint nor was the question raised on trial or in argument.

The court denied the motion saying that it was aware of all facts and that the alimony was an offset for plaintiff's interest in the pension, which was a marital asset granted to the defendant.

Defendant appeals from the court's decision on permanent alimony, not quarreling with the decision on temporary alimony while plaintiff is unemployed.

This case raises a question which has been troubling family practice lawyers and judges who have the responsibility to divide property in divorce cases.

In this case a 53-year-old man has a vested, noncontributory pension which will not mature until he is 65 years of age, at which time he will receive $886 per month for life. No attempt was made by either party to place a present value on that pension.

The trial judge awarded the pension to the defendant husband, who had gained the pension rights through his employment. In so doing the court achieved two objectives deemed by some circuit judges to be desirable. First, it is conceived that at the time of divorce it is best not to encumber a retirement pension with the claims of a divorced spouse and to make the break as clean as possible, for by the time the pension matures there are ofttimes second families on both sides. Second, assuming alimony is warranted, it tends to enlarge the estate to be divided because the tax impact is usually less when the alimony is taxed to the recipient who normally is in a lower tax bracket.

Pensions and their place in property settlements in divorce actions have been the subject of two dozen or so appellate cases in the last ten years. Out of these cases has come a body of law on that subject which is still evolving, but certain maxims have emerged.

One such rule is that if a pension has a "reasonably ascertainable present value" it should be considered a marital asset by the court. In *Miller v Miller,* 83 Mich App 672; 269 NW2d 264 (1978), this Court set forth the above rule which is reiterated in *Tigner v Tigner,* 90 Mich App 787; 282 NW2d 481 (1979); *McCallister v McCallister,* 101 Mich App 543; 300 NW2d 629 (1980); *Gibbons v Gibbons,* 105 Mich App 400; 306 NW2d 528 (1981); *Davey v Davey,* 106 Mich App 579; 308 NW2d 468 (1981); *Ripley v Ripley,* 112 Mich App 219; 315 NW2d 576 (1982); *Crombez v Crombez,* 114 Mich App 750; 319 NW2d 660 (1982); *Bolt v Bolt,* 113 Mich App 298; 317 NW2d 601 (1982); *Boyd v Boyd,* 116 Mich App 774; 323 NW2d 553 (1982).

In *Miller* the statement was made that "an employee's interest in a pension funded by his employer is distributable pursuant to a divorce only to the extent that the interest is marital property with a reasonably ascertainable present value. If the employee's interest is contingent or a mere expectancy it may not be distributed pursuant to a divorce judgment." 83 Mich App 675. (Footnote omitted.) This concept was expanded in *Boyd v Boyd, supra,* to include even non-vested plans which have reasonable certainty of vesting even though the plan may be still contingent. A plan is said to have vested when the employee's right to pension funds becomes irrevocable and will survive voluntary termination of employment. It is said to have matured when the employee

acquires an unconditional right to immediate payment, whether or not that right is exercised.

Some distinction is made between contributory and noncontributory pension plans. If the plan is conditioned on voluntary employee contributions by paying some of his or her wages into the plan, the plan must normally be considered marital property. *Bolt v Bolt, supra.*

Certain retirement funds, though vested, may not be included in the marital estate because the state or federal act creating such fund has been judicially determined not to be included or distributed in a divorce situation. Some such funds are school retirement benefits, *Public School Employees' Retirement Board v Wexford Circuit Judge,* 39 Mich App 568; 197 NW2d 854 (1972); *Grotelueschen v Grotelueschen,* 113 Mich App 395; 318 NW2d 227 (1982), federal railroad retirement benefits, *Kendall v Kendall,* 106 Mich App 240; 307 NW2d 457 (1981), and military retirement benefits, *Grotelueschen, supra.*

In this case the plaintiff argued for a lump sum settlement in lieu of a division of the value of the pension, but she failed to provide the court with any valuation figures. The Court in *Miller v Miller, supra,* p 677 said, "The party seeking to include the interest in the marital estate bears the burden of proving a reasonably ascertainable value; if the burden is not met, the interest should not be considered an asset subject to distribution."

Normally, the valuation of future retirement payments and the value of alimony are subjects for expert testimony, usually from an actuary. However, in *Boyd v Boyd, supra,* Judge Bronson described an acceptable formula which could ideally be applied in this situation. The exact method of performing the *Boyd* calculation is set forth in

Bassett, *Pension Valuation,* Mich Family L J (December, 1982). This case is ideal for application of that formula and the result will show that the present value of the pension in this case is very significant. Such calculation should be within the expertise of any attorney.

As to the use of alimony as an offset to retirement benefits, we must be guided by general rules recently set out in *Diephouse v Diephouse,* 127 Mich App 526, 530-531; 339 NW2d 42 (1983), which are as follows:

"The lower court's power to award alimony is based upon MCL 552.23; MSA 25.103.

" 'Any determination as to alimony and property division necessitates an examination of "(1) duration of the marriage, (2) contributions of the parties to the joint estate [sources of property], (3) age, (4) health, (5) station in life, (6) necessities and circumstances and (7) earning ability" of the parties.' *Holbern [v Holbern,* 91 Mich App 566; 283 NW2d 800 (1979)], p 569, quoting from *Charlton v Charlton,* 397 Mich 84, 95, fn 5; 243 NW2d 261 (1976).

"In examining the trial court's award of alimony, its decision must stand upon its findings when compared to these factors. This Court, however, is not limited to the trial court's findings.

"A divorce action is equitable in nature. Thus, when a judgment is presented for appellate review, the review is *de novo. Graybiel v Graybiel,* 99 Mich App 30, 33; 297 NW2d 614 (1980). This Court must exercise its independent judgment in reviewing the evidence. *Graybiel,* p 33. Because the trial court has had close contact with the parties, this Court, however, is inclined to give 'grave consideration' to findings made by the trial court, *Hensley v Hensley,* 357 Mich 3, 5-6; 97 NW2d 615 (1959), and will not interfere with the decision unless it is convinced it would have reached a different conclusion if it were in the trial court's place. *Paul v Paul,* 362 Mich 43, 47; 106 NW2d 384 (1960); *Simmons v Simmons,* 58 Mich App 480, 482; 228 NW2d 432 (1975).

Each case of alimony must be decided on its unique facts. *Butgereit v Butgereit,* 8 Mich App 246, 249; 154 NW2d 612 (1967).

"It is also equally well settled, however, that an award of alimony is within the discretion of the trial court. *Wilcox v Wilcox, (On Remand),* 108 Mich App 488, 494; 310 NW2d 434 (1981). For this reason, some panels of this Court are reluctant to reverse an award of alimony absent a trial court's abuse of its discretion. *Ripley v Ripley,* 112 Mich App 219, 226-227; 315 NW2d 576 (1982); *York v York,* 113 Mich App 306, 309; 317 NW2d 604 (1982); *Kurtz v Kurtz,* 34 Mich App 34, 35; 190 NW2d 689 (1971), *lv den* 386 Mich 755 (1971)."

We also agree with Judge BEASLEY'S concurrence in *Boyd v Boyd, supra,* that alimony is an appropriate vehicle in proper cases to put a just division of pension benefits in the hands of the non-pension-holding spouse.

We find that defendant's claim that the court had no authority to award permanent alimony is without merit as it was requested in the prayer of the complaint and, further, a divorce action is equitable and, since a court of equity molds its relief according to the character of the case, once a court acquires jurisdiction in a divorce case it will do what is necessary to accord equity and conclude the controversy. *Schaeffer v Schaeffer,* 106 Mich App 452, 457; 308 NW2d 226 (1981).

We remand this case to the trial court to take testimony as to the present value of the pension using the formula in *Boyd v Boyd, supra,* and to apply equitable principles in setting any alimony beyond that which is temporary alimony, while the plaintiff is unemployed, which should not be disturbed.

BEASLEY, J., concurred.

CYNAR, P.J. *(dissenting).* I respectfully dissent from allowing recovery of permanent alimony in this case.

Plaintiff is about 44 and defendant is 53 years of age. There is no dispute as to payment of $250 per month as temporary alimony while plaintiff is unemployed. In addition, defendant is to pay plaintiff's health insurance until the house is sold. Further, defendant is to make car payments until the house is sold or plaintiff obtains employment. Defendant is to make the house and tax payments.

Defendant objects to permanent alimony. Present value of the pension plan was not supported by the proofs. Plaintiff will be receiving permanent alimony, even after obtaining employment, which will cease only upon remarriage. Defendant will not receive any benefit from his pension until age 65.

Merely to place an accounting figure on the value of the pension is not enough. At the time of trial, it appeared it would be about 12 years before the husband would be able to receive pension benefits; that is, if he worked to age 65, if he lived, or if other contingencies in life presently not known did not occur.

Based on the proofs, the wife is entitled to receive some consideration to offset the award of pension benefits to the husband. In lieu of awarding permanent alimony, I would award an additional payment of $4,000 to the plaintiff upon the sale of the house, hoping such disposition would bring finality to this proceeding.