NOTICE

*Memorandum decisions of this court do not create legal precedent. A party wishing to cite such a decision in a brief or at oral argument should review Alaska Appellate Rule 214(d).*

THE SUPREME COURT OF THE STATE OF ALASKA

| | | |
|---|---|---|
| AMY REBECCA REEDY-HUFFMAN (n/k/a Amy Rebecca Reedy), | ) ) ) | Supreme Court No. S-15520 |
| Appellant, | ) ) | Superior Court No. 3AN-13-04949 CI |
| v. | ) ) ) | MEMORANDUM OPINION AND JUDGMENT[*] |
| PATRICK CLIFFORD HUFFMAN, | ) ) | No. 1540 – May 20, 2015 |
| Appellee. | ) ) | |

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Anchorage, Frank A. Pfiffner, Judge.

Appearances: Amy Rebecca Reedy, pro se, Homer, Appellant. Steven Pradell, Steven Pradell & Associates, Anchorage, for Appellee.

Before: Fabe, Chief Justice, Winfree, Stowers, Maassen, and Bolger, Justices.

## I. INTRODUCTION

This case concerns the proper valuation of a naturopathic medical practice as part of a divorce case. The husband presented evidence that there was no market for selling the business, and the wife presented no evidence to rebut this. The superior court found that the husband's evidence justified a zero valuation of the business's goodwill.

---

[*] Entered under Alaska Appellate Rule 214.

Because the only evidence of goodwill value presented at trial suggested that a business like this one could not be sold, we affirm the superior court's zero goodwill valuation.

## II.    FACTS AND PROCEEDINGS

Amy Reedy-Huffman and Dr. Patrick Huffman were married in 1997 and had three children together. Patrick is a licensed naturopathic physician with practices in Homer and Soldotna that operated under the name Frontier Natural Health, Inc. Amy filed for divorce in February 2013.

In June 2013 Amy filed a motion for interim attorney's fees of $10,000 "to complete litigation of th[e] case" and "to value the business through discovery" by retaining an expert. She pointed out that Patrick had "possession and control of all of the business documents." Amy's lawyer's supporting affidavit stated that she had "contacted an expert who is willing to provide this service for $5000." The superior court granted Amy's motion in September 2013, and Patrick accordingly paid Amy's attorney $10,000. The superior court also granted Amy a continuance so that she would have time to "appraise[] or otherwise give[] a reasonably accurate value" of the parties' major assets, including Frontier Natural Health.

In his trial brief, Patrick argued that the business had zero market value because "[t]he only similar business on the Kenai Peninsula was for sale for over a year" and "[t]here were no offers so it was taken off of the market." Amy did not present any evidence to rebut this or suggest an alternate market value, despite having received a continuance and $10,000 in interim funds to retain an expert to appraise the business value. Instead, Amy argued that because there was an "evidentiary void," Patrick's practice "should receive a valuation of $500,000 to account for its goodwill as an ongoing established business." She provided no evidence to support this claim.

Amy did, however, provide evidence of the business's assets and the value of those independent components, which the superior court incorporated into its property division ruling. Among those assets valued by the trial court and distributed to Patrick as marital property were $10,000 for a hyperbaric chamber, $30,000 for vitamin supplements, roughly $13,500 for accounts receivable, and other individual pieces of personal property in the Homer and Soldotna offices. Neither party contests the superior court's asset valuation.

The superior court rejected Amy's proposed $500,000 goodwill valuation and held that the business had no goodwill value. It noted that there was no evidentiary void because "the court heard business value testimony [from Patrick] and conclude[d] that there should be no valuation for Frontier Natural Health as an ongoing business because there is no market for selling the business." Amy appeals.

## III. STANDARD OF REVIEW

In property division cases, a trial court's property valuation "is a factual determination that will be upset only if there is clear error."[1] "A finding is clearly erroneous if it is unsupported by anything in the record."[2] A trial court's property allocation "is reviewed purely under the abuse of discretion standard and will not be disturbed unless it is clearly unjust."[3]

---

[1] *Moffitt v. Moffitt*, 749 P.2d 343, 346 (Alaska 1988).

[2] *Id*. at 347; *see also Stevens v. Stevens*, 265 P.3d 279, 284 (Alaska 2011) ("A valuation is clearly erroneous if we are left with a definite and firm conviction on the entire record that a mistake has been made.").

[3] *Moffitt*, 749 P.2d at 346 (quoting *Wanberg v. Wanberg*, 664 P.2d 568, 570 (Alaska 1983)) (internal quotation marks omitted).

## IV. DISCUSSION

### A. There Was No Evidentiary Void Regarding The Business's Value.

Amy acknowledges that she did not present evidence of the value of Frontier Natural Health. She asserts that where neither party presents evidence of the value of a business, the court should direct the party who has the best access to proof of its value "to fill the evidentiary void."[4] But as Patrick correctly argues, an evidentiary void only exists "where neither party presents any evidence on a material issue."

For example, in *Hartland v. Hartland*, a wife presented evidence regarding the value of the marital asset at issue, which the husband failed to rebut or otherwise offer any evidence about its value.[5] The husband argued that the trial court's valuation of the asset was unjust because there was insufficient evidence regarding its value, but we disagreed and noted that the cases the husband cited in support of his argument involved "situations in which neither party presented any evidence as to the value of the [asset]."[6] We affirmed the trial court's denial of the husband's motion for a new trial, agreeing with the trial court that "any error in the valuation was the result of the position taken by plaintiff [husband] to not provide complete information about [the asset at

---

[4]     *Root v. Root*, 851 P.2d 67, 69 (Alaska 1993).

[5]     777 P.2d 636, 639-40 (Alaska 1989).

[6]     *Id.* at 639. In *Hartland*, we cited *Perry v. Perry*, 350 N.W.2d 275, 277-78 (Mich. App. 1984), for the proposition that "neither party attempted to place a present value on a pension" and *Willis v. Willis*, 482 N.E.2d 1274, 1277 (Ohio App. 1984), for the proposition that "neither party presented evidence of the value of retirement benefits, and the judge did not assign any value to the asset."

issue].["7] We concluded that the wife's evidence alone was sufficient to allow the trial court to value the asset.[8]

As *Hartland* illustrates, the presentation of uncontroverted evidence does not create an evidentiary void. Thus, as the superior court observed, although Amy presented no evidence of the business's goodwill value, there was no evidentiary void because Patrick presented such evidence. Specifically, Patrick presented evidence that "[t]he only similar business on the Kenai Peninsula was for sale for over a year" and "[t]here were no offers so it was taken off of the market."

Amy relies on *Root v. Root*, in which we suggested that "where a party identifies a significant marital asset but presents no evidence as to its value, the best practice is for the trial court to direct the parties, or the delinquent party, or the party having the best access to the proof, to fill the evidentiary void."[9] But in *Root* we also held that "it is the duty of the parties, not the court, to ensure that all necessary evidence is before the court in divorce proceedings and that a party who fails to present sufficient evidence may not later challenge the adequacy of the evidence on appeal."[10] Amy asserts that the trial court should have directed Patrick to fill the purported evidentiary void regarding the business's value because he was the party who had the best access to that proof and "she lacked both the financial resources and the access to records required for an audit." But as the superior court noted, Amy did not hire an expert to conduct a

---

[7]    *Hartland*, 777 P.2d at 640 (quoting the trial court) (internal quotation marks omitted).

[8]    *See id.* at 640-41.

[9]    851 P.2d at 69.

[10]    *Id.* (citing *Hartland*, 777 P.2d at 640); *see also Forshee v. Forshee*, 145 P.3d 492, 498-99 (Alaska 2006).

business appraisal, despite being given ample opportunity to do so. Because the superior court provided Amy adequate resources with which to gather evidence, it did not abuse its discretion by not directing Patrick to provide additional evidence about the business's value.

**B.  The Superior Court Did Not Err In Finding That Frontier Natural Health Had Zero Goodwill Value.**

This court has a well-established rule governing goodwill valuation:

> Valuing goodwill is a two-step process. First, the trial court must decide whether goodwill exists. If goodwill does exist, the court must then determine whether it could be sold to a prospective buyer. If the goodwill is not marketable, then no value for goodwill should be considered in dividing the marital assets. Second, if there is marketable goodwill, the court should determine its value using one or more of the "principled methods of valuation." . . . The existence, marketability, and calculation of goodwill present questions of fact, which we will set aside only for clear error.[11]

Here, the superior court ended its analysis at the first step after finding that Frontier Natural Health had no marketable goodwill, and thus accorded the business zero goodwill value in dividing the marital property. This finds support in our past decisions upholding superior court findings of zero goodwill value based on the market value approach.[12] For example, in *Richmond v. Richmond*, we applied the goodwill valuation

---

[11]    *Hansen v. Hansen*, 119 P.3d 1005, 1010 (Alaska 2005) (footnotes omitted) (quoting *Moffitt v. Moffitt*, 749 P.2d 343, 347 (Alaska 1988)).

[12]    We have defined fair market value as "[t]he amount at which property would change hands, between a willing buyer and a willing seller, neither being under compulsion to buy or sell and both having reasonable knowledge of the relevant facts." *Doyle v. Doyle*, 815 P.2d 366, 370 n.6 (Alaska 1991) (quoting BLACK'S LAW DICTIONARY 597 (6th ed.1990)). There is ample precedent from this court affirming the superior court's use of the goodwill valuation method based on market value. *See, e.g.,*

(continued...)

method to the professional goodwill of a practicing attorney.[13]  We affirmed the trial court's finding that the practitioner's goodwill was unmarketable and thus had zero value toward the marital estate because "uncontroverted evidence established that [the husband's] law practice's goodwill could not be sold."[14]  Although the valuation in *Richmond* was based on expert testimony,[15] we have held that valuation evidence from the parties alone is sufficient to determine marital property value.[16]

The superior court based its finding of zero goodwill value on Patrick's testimony that the business was not marketable, and we traditionally "grant especially strong deference to a trial court's factual findings when the findings require weighing the credibility of witnesses."[17]  As in *Richmond*, the superior court's zero goodwill finding is not clearly erroneous because it is based on evidence in the record that Patrick's practice's goodwill cannot be sold, and Amy did not present any evidence to controvert that.  Our past precedent establishes that "only marketable goodwill [is] to be included

---

[12](...continued)
*Hansen*, 119 P.3d at 1009-10; *Richmond v. Richmond*, 779 P.2d 1211, 1213 (Alaska 1989); *Hayes v. Hayes*, 756 P.2d 298, 300 (Alaska 1988).

[13]  779 P.2d 1211, 1213-14 (Alaska 1989).

[14]  *Id.*

[15]  *Id.* at 1214 n.4.

[16]  *Brotherton v. Brotherton*, 941 P.2d 1241, 1245 (Alaska 1997) (holding that the superior court did not err in its property valuation where "[t]he only evidence presented was the respective opinions of both parties as to the estimated value of the personal property").

[17]  *Vezey v. Green*, 171 P.3d 1125, 1128-29 (Alaska 2007).

in the marital estate,"[18] and no evidence of the existence of marketable goodwill was presented by either party here.[19]

## V.  CONCLUSION

We AFFIRM the superior court's judgment.

---

[18]    *Richmond*, 779 P.2d at 1213.  Though Amy argues on appeal that the superior court did not properly account for understated income in valuing Frontier Natural Health, a business's income is not an explicit factor in determining whether any goodwill value exists under the market valuation approach, *cf. Doyle v. Doyle*, 815 P.2d 366, 370 n.6 (Alaska 1991), which the superior court permissibly used here.  *See Moffitt v. Moffitt*, 749 P.2d 343, 347 (Alaska 1988).

[19]    Both parties reference tangential issues regarding the division of marital assets, but neither party articulates any concrete challenges to the property division beyond the above issue concerning the value of Frontier Natural Health.  "Our prior decisions have held that either cursory treatment of, or failure to argue, a point on appeal constitutes an abandonment of the particular point in question."  *Chugach Elec. Ass'n v. N. Corp.*, 563 P.2d 883, 884 (Alaska 1977).